In the Matter of the Claim of GERTRUDE WELZ, Appellant, against MARKEL SERVICE, INC., et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 14, 1945.

*Norman Berlin,* attorney (*Maurice Hellman* and *Edward Kurland* of counsel), for appellant.

*Charles P. Barre,* attorney for respondents.

*Nathaniel L. Goldstein, Attorney-General,* for State Industrial Board, respondent.

HEFFERNAN, J. In this case a widow is appealing from a decision of the State Industrial Board disallowing her claim for death benefits as shown by the findings, " * * * on the ground that the evidence adduced indicates that the decedent sustained neither an accident nor an accident arising out of and in the course of his employment, and on the further ground that the decedent is not entitled to the benefit of the presumptions under Section 21 of the Workmen's Compensation Law inasmuch as the record fails to reveal any cause for the decedent's fall on the subway platform * * *."

The case was before this court on a former appeal by claimant (266 App. Div. 757). On that appeal we reversed a decision of the State Industrial Board and remitted the matter for further consideration and for the taking of further proof if the parties so desired.

The record on the present appeal is practically the same as on the prior appeal with the exception that an autopsy report was received in evidence. In its original decision the board held that the evidence was insufficient to establish that the accident here involved had arisen out of decedent's employment and that the presumptions under section 21 of the Workmen's Compensation Law had no application because " the evidence fails to furnish any cause " for the fall from which decedent suffered injuries resulting in his death. As above indicated the board has again disallowed the claim and has repeated the reasons for its former conclusion. It has, however, made an additional finding that the accident is not shown to have arisen " in the course of " decedent's employment and has also added the further ground that decedent did not sustain an accident. In its prior decision the board held that the " accident * * * did arise in the course of employment ".

The facts are undisputed and consequently only a question of law is involved (*Matter of Christiansen v. Hill Reproduction Co.,* 262 App. Div. 379, affd. 287 N. Y. 690).

Decedent, claimant's husband, was an investigator and adjuster of accident claims, employed by Markel Service, Inc., a corporation in the business of servicing claims for American Fidelity & Casualty Company which specializes in writing liability insurance for bus and truck owners. Once every sixth night, he was required to be on " night duty " — i.e., in the words of his superior, the manager of the company's New York

City office, he " * * * remains at home until he receives a telephone call, telling him about an accident. He then leaves the house and investigates, in the meantime keeping in touch with the night service for anything else that may occur. When he completes that investigation, he returns to his home and his own telephone call, until the following morning at nine A.M.".

On the night of January 25, 1941, decedent was on duty in accordance with this system. At about 7:30 or 8:00 o'clock in the evening, he received word by telephone that an accident had occurred. and proceeded to investigate it and interview those involved.

In the course of his investigation decedent had occasion to speak with his superior, the claims manager, by telephone on two occasions, the second conversation occurring between one and two o'clock in the morning. With respect to these conversations the manager was asked the following questions and made the following response: "Q. Do you recall what was the general nature of the conversation with him at the time of the last call about one o'clock? A. Yes; he was unable to locate two injured people in this particular accident. He was instructed to go back to the station house and get a more correct blotter. Perhaps the officer had the correct address in his note book. Q. Where was that located? A. I don't know. Q. Was it in New Jersey? A. No; in New York City; in Manhattan."

The employer's first report of injury contains the statement that decedent was injured " while returning to his home after investigating accident in regular line of duty, slipped on ice while ascending subway steps on the 8th Avenue Subway at Jamaica, Long Island, resulting in fractured skull and subsequent death ".

At about four o'clock in the morning of January 26th while decedent was enroute to his home at Bellerose, Long Island, it became necessary for him to change from a subway express to a local at Parsons Boulevard station. After he left the express train and before the arrival of the local a fellow passenger on the platform, whose back was towards decedent, heard a thud and upon turning around saw decedent lying on his back on the platform with his brief case alongside him. He was unconscious and was removed to the Queens General Hospital where he died as a result of the injuries on February 3, 1941, without ever regaining complete consciousness. According to the medical testimony and hospital records decedent suffered " fracture of skull, lacerations of the dura, extradural hemorrhage, cerebral laceration and contusion." The attending physician certified

that there were no contributory causes. The medical testimony also established that outside of the injuries already noted decedent was in good health.

From our examination of the record we are satisfied that there is no question of fact involved here. This is not a case where the board was required to weigh conflicting testimony. There is not a particle of evidence to sustain the finding of the board that decedent did not meet with an accident. Certainly his fall was an accident (*Matter of Woodruff* v. *Howes Construction Co.*, 228 N. Y. 276, *Matter of Connelly* v. *Samaritan Hospital*, 259 N. Y. 137; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148).

The board's finding that decedent's injuries did not arise out of his employment is likewise erroneous and is not supported by any proof. Decedent had been conducting an investigation at the direction of his employer and was on his way home where his employment required him to be. At the time of his fall according to the testimony of his fellow passenger decedent was normal in every way. The inference is clear that decedent's fall was connected with his employment. He had been working during the night and was to continue on night duty at his home until nine o'clock the following morning. The medical testimony is uncontradicted that decedent's fall was not caused by some internal or pathological condition. It is true that no one testified as to the specific cause of the fall. That, however, is not fatal to a recovery (*Matter of Bauer* v. *City of New York*, 252 App. Div. 802).

We are also of the opinion that the board erred as a matter of law in holding that the statutory presumptions under section 21 of the Workmen's Compensation Law are inapplicable because claimant has failed to show the cause of decedent's fall. The mere fact that the cause of decedent's fall was not proven does not overcome the presumption that the claim comes within the statute (*Matter of Hoffman* v. *New York Central R. R. Co.*, 290 N. Y. 277). No well-considered case had held that the presumption under the statute is inoperative unless claimant proves the cause of the accident.

We are satisfied that claimant is entitled to an award. The decision of the State Industrial Board* should be reversed, with costs to appellant against respondents and the matter should be remitted to the Workmen's Compensation Board* to make an award in claimant's favor.

---

* By chapter 74 of the Laws of 1945, the functions of the State Industrial Board were transferred to the Workmen's Compensation Board created by said chapter.— [Rep.

All concur.

Decision of. the State Industrial Board reversed, with costs to appellant against respondents and the matter remitted to the Workmen's Compensation Board to make an award in claimant's favor.