In the Matter of the Claim of LEAH KLEID, Respondent, against CARR BROTHERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued December 1, 1949; decided December 29, 1949.

*Philip J. Caputo* for appellants. I. There is no evidence that decedent at the time of his death was performing some duty for which he was employed or which was a natural incident thereto. (*Matter of Lorchitsky* v. *Gotham Folding Box Co.,* 230 N. Y. 8.) II. The board erroneously applied the presumption under section 21 of the Workmen's Compensation Law that an accident arose out of and in the course of employment. (*Matter of Daus* v. *Gunderman & Sons,* 283 N. Y. 459; *Matter of Eldridge* v. *Endicott, Johnson & Co.,* 228 N. Y. 21; *Markowitz* v. *National Headwear Co.,* 210 N. Y. S. 673.) III. Decedent did not sustain an accidental injury arising out of and in the course of his employment.

*Nathaniel L. Goldstein, Attorney-General* (*Gilbert M. Landy, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. Ample evidence

supported the finding of the Workmen's Compensation Board that decedent died as a result of accidental injuries which arose out of and in the course of employment. (*Matter of Bollard* v. *Engel,* 278 N. Y. 463; *Matter of Miles* v. *Gibbs & Hill, Inc.,* 250 N. Y. 590; *Matter of Franck* v. *Allen,* 270 App. Div. 960; *Matter of Norris* v. *New York Central R. R. Co.,* 246 N. Y. 307; *Matter of Smith* v. *Osterheld & Son,* 189 App. Div. 384, 229 N. Y. 525; *Matter of Greco* v. *Curtiss-Wright Corp.,* 269 App. Div. 915; *Matter of Tushinsky* v. *National Broadcasting Co.,* 265 App. Div. 301, 292 N. Y. 595; *Matter of Hoffman* v. *New York Central R. R. Co.,* 290 N. Y. 277; *Matter of Welz* v. *Markel Service, Inc.,* 270 App. Div. 15, 296 N. Y. 640; *Matter of Lorchitsky* v. *Gotham Folding Box Co.,* 230 N. Y. 8; *Matter of Eldridge* v. *Endicott, Johnson & Co.,* 228 N. Y. 21; *Matter of Daus* v. *Gunderman & Sons,* 283 N. Y. 459.)

*Per Curiam.* Since this unwitnessed accident took place during working hours in a place where Kleid's work commonly took him, the section 21 presumption justified the board's finding that the accident arose out of and in the course of employment, even though Kleid's presence at the exact spot was unexplained (*Matter of Department of Taxation & Finance* v. *Cohen,* 298 N. Y. 825; *Matter of Welz* v. *Markel Service,* 296 N. Y. 640; *Matter of Mayer* v. *Faber Pencil Co.,* 274 App. Div. 1079, motion for leave to appeal denied 298 N. Y. 935; *Matter of Boehm* v. *Sokol Hall Holding Corp.,* 274 App. Div. 954, motion for leave to appeal denied 298 N. Y. 931; *Matter of Wolmetz* v. *Woll,* 272 App. Div. 982, motion for leave to appeal denied 297 N. Y. 1042).

Furthermore, employer-appellant's first report of injury, filed with the board, contained an admission that Kleid was working at his regular occupation when injured, which admission was competent evidence of that fact (*Matter of Bollard* v. *Engel,* 278 N. Y. 463).

The order should be affirmed, with costs.

Loughran, Ch. J., Lewis, Conway, Desmond, Dye, Fuld and Bromley, JJ., concur.

Order affirmed.