In the Matter of the Claim of MARY DAVIS, Respondent, against AMERICAN BANK NOTE Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and insurance carrier from a decision and award of disability compensation made to claimant by the Workmen's Compensation Board. Substantial evidence and the statutory presumption (Workmen's Compensation Law, § 21) sustain the findings that claimant's accidental fall and resulting injuries arise out of and during the course of her employment (*Matter of Hoffman* v. *New York Central R. R. Co.*, 290 N. Y. 277; *Matter of Welz* v. *Markel Service*, 270 App. Div. 15, affd. 296 N. Y. 640; *Matter of Martin* v. *Plant*, 293 N. Y. 617). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

In the Matter of the Claim of BERNARD KLEIN, Respondent, against SALVATORE AMBROSINO et al., Appellants, and SPECIAL DISABILITY FUND et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and his insurance carrier from an award of the Workmen's Compensation Board which attributed claimant's disability to two separate accidents with different employers and charged one half of the award to the previous employer and carrier and one half to the present employer and carrier. The award itself is not questioned. Appellants contend that their request for reimbursement from the Special Fund, pursuant to subdivision 8 of section 15 of the Workmen's Compensation Law was improperly denied. There is not only a lack of evidence of knowledge of the employer of a permanent disability which was or was likely to be a hindrance or obstacle to employment. (See *Matter of Zyla* v. *Juilliard & Co.*, 277 App. Div. 604), but the board expressly found as a fact, which we may not disturb because of evidence to support it, that up to December 10, 1945, (the date of the second accident) claimant was not suffering from any permanent condition due to a previous accident or disease which was or was likely to be a hindrance or obstacle to employment. Such a finding precludes the application of subdivision 8 of section 15 of the Workmen's Compensation Law. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.