■ In the Matter of the Claim of GRACE DE T. MORAES et al., Respondents, against NATIONAL BISCUIT Co., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from a decision and award of the Workmen's Compensation Board in a death case. Decedent, an outside salesman, while crossing a street, fell to the pavement and thereby, according to the undisputed medical proof, sustained a contusion of the brain which preceded and precipitated a subarachnoid hemorrhage, the direct cause of his death. The issue presented is whether the fall constituted an industrial accident. Appellant relies on the testimony of a witness who, while seated at the wheel of his automobile and waiting for a traffic light to change, observed decedent as he "stepped off the curb * * * started to stagger * * * went about * * * 15 feet * * * started to * * * shake all over " and fell to the pavement, striking his left temple. On cross-examination, the witness said that decedent staggered when he stepped off the curb. Appellant theorizes that the fall was caused by some unidentified seizure or internal disorder and was not, as the board has found as an inference from the facts, the result of decedent's tripping or missing his step as he stepped off the curb, causing him to stagger, shake and fall so as to strike his head on the pavement. Appellant produced no medical witness but refers to decedent's history of prior myocardial infarcts, which were, however, found to be well healed, and to a clinical diagnosis, made on hospital admission, of a spontaneous subarachnoid hemorrhage, which the board was justified in rejecting in favor of the autopsy findings and other medical proof. The appellant's principal contention is that the presumption to which claimant might otherwise be entitled under section 21 of the Workmen's Compensation Law has no application here since the accident was witnessed. However, the presumption is applicable in the case of an unexplained fall and it has been so held even when the claimant testified concerning it. (*Matter of Hoffman* v. *New York Central R. R. Co.*, 290 N. Y. 277; see, also, *Matter of Kleid* v. *Carr Bros.*, 300 N. Y. 270, and *Matter of Welz* v. *Markel Service*, 270 App. Div. 15, affd. 296 N. Y. 640.) The board was by no means required to accept, as substantial evidence overcoming the presumption, either the somewhat tenuous medical proof upon which appellant relies, thereby rejecting all the medical evidence to the contrary, or the inference which appellant draws from the testimony of the automobile operator, whose attention was in part, at least, directed to a traffic signal and to heavy traffic conditions, particularly when that testimony involved the witness' characterizations of decedent's movements and gait and was as consistent with the board's interpretation of it as with the effect ascribed to it by appellant. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.