■  In the Matter of the Claim of LOREN T. LAIRD, Respondent, v. HERBERT SPRINGER, Respondent, and UNINSURED EMPLOYERS' FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J.  Appeal by the Uninsured Employers' Fund from decisions of the Workmen's Compensation Board finding that claimant sustained an accidental injury arising out of and in the course of employment.  On December 13, 1962 claimant sustained an injury which left him blind in the right eye.  The sole questions raised here are whether claimant was an employee at the time of this injury and whether it arose out of and in the course of employment.  The record reveals that claimant from late September to early October of 1962 had worked on a day to day basis as a general laborer for his uncle who operated a contracting, logging and lumbering business.  On the date the injury was sustained claimant did not feel well and, therefore, did not report to his uncle's house for work until after 11:00 A.M.  Upon his arrival the uncle informed him that only the services of his cousin, Donald Springer, were needed on that particular day and that there was, therefore, no work for him.  Claimant then testified that as he was leaving he saw Donald working with a tractor, that as he approached him, Donald told him a clog was in the roller, that he volunteered to remove it to which Donald assented and that in the process of his striking the tractor with an ax a splinter of steel entered his eye.  Donald Springer denied the happening of the incident as claimant testified and instead stated that claimant merely approached him as he was greasing the tractor and told him he had something in his eye.  Of course, this presented an issue of credibility which was solely for the board's resolution (e.g., *Matter of Blaine* v. *Big Four Inds.*, 17 A D 2d 881).  As to the issue of employment, the board on the instant record could find that the injuries arose out of and within the course of employment on the basis that claimant's volunteering to assist his cousin was motivated by a feeling of duty to his employer (*Matter of Bardes* v. *East Riv. Housing Corp.*, 14 A D 2d 639, mot. for lv. to app. den. 11 N Y 2d 643; *Matter of Moskowitz* v. *Granata*, 9 A D 2d 310).  Claimant was clearly expected to report back to work the day after the accident and the board could properly find that the assistance volunteered to his cousin was done out of a sense of duty to his employer.  The board in the exercise of its fact finding power could reject appellant's contention that claimant was on the premises for purely social reasons.  In addition, the finding of an employment relationship is supported by the uncle's report of injury filed with the board which contains an admission that claimant was his employee (*Matter of Kleid* v. *Carr Bros.*, 300 N. Y. 270; *Matter of Smith* v. *Venezian Lamp Co.*, 5 A D 2d 12).  Decisions affirmed, with one bill of costs to respondents-claimant and the Workmen's Compensation Board.  Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.