In the Matter of the Claim of EVELYN D. KEHOE, Respondent, against LONDON GUARANTEE AND ACCIDENT INSURANCE Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow and dependents of a deceased employee. Decedent died as a result of a coronary heart attack. The only issue on appeal is whether or not his death was the result of an industrial accident arising out of and in the course of his employment. The evidence indicates that the decedent had a heart condition for some time. He was a full-time employee and did considerable work at home. On the morning of the fatal attack he was required to use either one of two staircases leading from a subway to the street. One of the staircases had sixty-one steps and the other thirty steps. The use of either one involved considerable strain. The board found that decedent's heart attack was due to unusual strain and exertion. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.

■

In the Matter of the Claim of ANNE KRAWCZYK, Respondent, against JEFFERSON HOTEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. —This is an appeal by an employer and its insurance carrier from an award of the Workmen's Compensation Board for death benefits to the widow of John Krawczyk. Decedent, a man of seventy years of age, was employed as a cook at the employer's hotel at Wawarsing, New York. Decedent had an assistant named Pawlick. Sometime after 9:00 P.M., on August 9, 1945, when these men had completed serving supper at the hotel, Rogers, a coemployee at the hotel, entered the kitchen for the purpose of obtaining food. A quarrel ensued between Pawlick and Rogers because of the refusal of the former to serve the latter with food. These two employees became involved in a fight. Rogers struck Pawlick, knocked him down and caused him to suffer a broken leg. There is also proof in the record that Rogers also struck the decedent. The argument and the assault between Rogers and Pawlick occurred in the presence of decedent. The board found that the quarrel between Rogers and Pawlick caused decedent to suffer from shock and to sustain an emotional upset and strain on the muscles of his heart which resulted in his death on the same day. The board also found that prior to the time decedent sustained his accidental injuries he suffered a pre-existing heart condition which, however, was not disabling but that the shock and emotional upset and strain which he suffered on account of the assault on his coworker in his presence caused an additional burden on his heart which resulted in his death. The board also found that the decedent's injuries arose out of and in the course of his employment. There is also competent medical evidence in the record to sustain the conclusions of the board. Only questions of fact are involved. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.