In the Matter of the Claim of MARY MOBERG, Respondent, against 335 LEFFERTS AVENUE CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow and infant child of a deceased employee. Decedent was employed as the superintendent of a building but there is evidence that he performed janitor work. On the morning of the alleged accident he carried several ash cans full of ashes from the cellar to the street level. Sometime during the morning he suffered a seizure and was taken to the Kings County Hospital where a diagnosis of cerebral thrombosis with hypertensive cardiovascular disease was made. He died on the day following his admission and the medical proof indicates that a rupture of an aneurism or the weakened wall of an artery resulted in the cerebral hemorrhage which caused his death. The board has found his death was due to accidental injury sustained as the result of extra effort, strain and exertion. We cannot say as a matter of law that there is no substantial evidence to sustain this finding. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

■

In the Matter of the Claim of ANASTASIA DOBROWOLSKY, Respondent, against LOCKHEED AIRCRAFT SERVICE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award of the Workmen's Compensation Board for death benefits. Deceased employee was employed first in the " engine build-up " shop and later in the " flight line " department of the employer in its business of repairing aircraft. There is evidence from which the board could find that decedent used a fluid containing carbon tetrachloride in cleaning spark plugs on the former job and in cleaning rugs and upholstery on the second job. Decedent was given a physical examination before he began work and was found physically fit. Less than four months later he died. There is medical testimony that he died as a result of carbon tetrachloride poisoning. The board has found that decedent died as a result of an occupational disease contracted under circumstances rendering it compensable. The evidence sustains the finding. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part. [See 281 App. Div. 775.]