In the Matter of the Claim of SECONDO BORRA, Respondent, against SIWANOY COUNTRY CLUB et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award made by the Workmen's Compensation Board in favor of the claimant for disability. Claimant was employed as a headwaiter in a country club. The employer operated a golf club and restaurant wherein it served regular meals consisting of lunches and dinners six days a week. In addition there were many special affairs and parties held in the club from time to time. On the evening of the alleged accident a large buffet supper and dance was held at

the club and preparations were made for an anticipated 350 guests. While the affair was going on, claimant complained of symptoms which were afterwards diagnosed as the beginning of a heart attack. He was compelled to sit down because of these symptoms. Early the next morning his condition became worse and he was removed to a hospital where his difficulty was diagnosed as an acute coronary occlusion. The board found that he suffered an accidental injury arising out of and in the course of his employment and due to unusual exertion. Appellants contest the award on the basis that there is no substantial evidence, viewing the record as a whole, to sustain the finding of an industrial accident, or to sustain the finding of causal relation. Whether claimant was subjected to unusual strain is an issue of fact. The mere fact that he was performing his customary duties does not necessarily exclude the finding that on the occasion in question he was subjected to unusual strain. We think under the doctrine enunciated in *Matter of Masse* v. *Robinson Co.* (301 N. Y. 34) that the board could find an accidental injury under the circumstances disclosed. Whether a particular event was an industrial accident is not to be determined by any legal definition but by the common sense viewpoint of the average man. If the facts and circumstances sustain upon any reasonable hypothesis the conclusion that an average man would view the event as accidental then the determination of the board is final (*Matter of Broderick* v. *Liebmann Breweries,* 277 App. Div. 422). Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.