■ In the Matter of the Claim of ARTHUR FISHER, Respondent, against BUFFALO ELECTRIC COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of compensation made by the Workmen's Compensation Board for disability suffered by claimant. Claimant was employed as a supervising foreman of the Buffalo Electric Company. Prior to October 4, 1949, and for a period of some 17 months, claimant worked on a 14-story building that was being constructed for the Veterans Administration. As the building progressed his duties required him to go on foot up and down numerous temporary flights of stairs, and to climb ladders to various floors for the purpose of inspecting work and conferring with his workmen. During the daytime of the date mentioned and before he quit work claimant felt symptoms of fatigue but it was not until he returned home that day from work that he felt a pain in his chest. The proof is fair that he had then sustained a heart attack although he returned to

work the next day. A few days later he was medically advised that he had suffered a heart attack. He received treatment for this condition and was thereafter intermittently in and out of work. We are again confronted with the perennial issue of whether a heart attack may be properly classified as accidental within the meaning of the Workmen's Compensation Law. In this case it is clear that claimant was doing his regular work but it is equally clear, especially from a common-sense viewpoint, that his work entailed a heavy physical strain. At about the time of the seizure he was making 15 or 20 trips daily, by foot, up and down the 14 stories of the building he was working in. Thus the factual situation presented is a far cry from *Matter of Lesnik* v. *National Carloading Corp.* (285 App. Div. 649, affd. 309 N. Y. 958) which is cited as an authority against an affirmance of the award made here. Medical opinion is apparently divided as to whether physical effort is a cause of coronary thrombosis and coronary insufficiency, and that division of medical opinion appears in every heart case under the Workmen's Compensation Law. Since neither medical faction has any direct liaison with absolute certainty the choice between conflicting opinions obviously remains in the factual field. Certainly the board could find in this case that claimant's work had some causal connection with his heart attack, and we think that would be the common-sense viewpoint of the average man. If the connection is found this would appear to be sufficient (*Matter of Gioia* v. *Courtmel Co.,* 283 App. Div. 40, motion for leave to appeal denied 306 N. Y. 985; *Matter of Borra* v. *Siwanoy Country Club,* 280 App. Div. 906, motion for leave to appeal denied 304 N. Y. 985). Award, including all intermediate decisions appealed from, unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.