■ In the Matter of the Claim of ROBERT R. KNEEN, Respondent, against VESTAL METHODIST CHURCH et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award made by the Workmen's Compensation Board. For about five years the claimant had been employed as janitor by the Vestal Methodist Church. His duties required him to mop and sweep the church, mow the grass on the church grounds, carry tables and chairs up and down stairs from the basement to the upper floor of the church in connection with banquets, arrange furniture for Sunday school, straighten tomb stones in the church cemetery, and remove snow from the sidewalks on the church premises during the winter months. The walks which required snow removal extended for about 500 feet. During heavy snowfalls, the employer usually provided a snowplow to help remove the snow. On the afternoon of January 20, 1954, while claimant (then 70 years old) was engaged in shoveling snow from the church sidewalks, he felt a sharp pain in his chest, and then another attack of pain, but he continued to work for an additional hour and then went to his home. He continued to feel the pain in his chest and during the course of the evening had three other attacks. His physician was called during the night and diagnosed claimant's condition as caused by a coronary occlusion. The board found that claimant's work of shoveling heavy snow had caused him to expend unusual effort sufficient to constitute an accident, and that the ensuing heart attack and coronary occlusion were the natural and unavoidable result of the accidental injuries. The appellant's sole contention on this appeal is that the medical evidence in support of causal relationship is insufficient to support the award. There was conflicting medical opinion given by two specialists and claimant's family physician. One of the specialists, who had been called in by claimant's physician, had filed a report stating that there was a causal relationship between the shoveling and the attack, but testified that, if the snow removal was part of his regular duties over a period of four or five years, he did not think

there would be causal relationship. Appellant's medical expert, in response to a hypothetical question, testified that claimant's heart attack was not causally related to the snow shoveling but was caused by a deterioration brought on by a pre-existing condition of arteriosclerosis. Claimant's family physician was of the opinion that the shoveling brought on the attack and that the fact that the claimant had been used to doing heavy work would not change his opinion. This conflict in medical evidence raised a question of fact concerning the issue of causal relationship which the board resolved in favor of claimant. The board's decision on all questions of fact is final and conclusive. Though claimant was engaged in performing his regular duties, he could have been subjected to unusual strain. There was testimony that the snow on the sidewalk "was exceptionally deep and had been packed and frozen and required the use of a bar or an instrument other than the shovel to loosen it before it could even be shoveled". On each side of the walks there were snow banks about two feet high and the snow had to be shoveled over these banks and some of the snow chunks weighed about 50 pounds. Whether claimant was subjected to unusual strain is an issue of fact. The mere fact that he was performing his customary duties does not necessarily exclude the finding that on the occasion in question he was subjected to unusual strain. (*Matter of Borra* v. *Siwanoy Country Club,* 280 App. Div. 906, motion for leave to appeal denied 304 N. Y. 985.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.