■ In the Matter of the Claim of JEANETTE JOHNSTON, on Behalf of Herself and Child, Respondent, against ST. REGIS PAPER COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision of the Workmen's Compensation Board awarding death benefits to the widow and minor child of a deceased employee. On the day of his death, decedent was a member of a "bull gang" which consisted of three men whose duties were to unload heavy rolls of paper from a freight car and place them in a warehouse. Decedent's work was performed in the boxcar. It was necessary to unblock or release the first roll and guide it to the door and then to guide the other rolls in the tier to the door. After each tier was removed, the block holding the next tier was released and the process repeated. Just prior to his death, decedent guided a paper roll to the freight car door where it was removed. Within two minutes a coemployee entered the car and found decedent lying on the floor gasping for breath. By the time medical aid arrived he was dead. An autopsy revealed that decedent had a pre-existing serious heart ailment. Decedent apparently had been unaware of it and had not been treated for it. At the hearing, a physician testified that the type of work decedent was doing, considering the pre-existing heart condition, was a competent producing cause of death. A second physician testified in a similar vein and added that the pre-existing heart condition did not in and of itself cause death. Appellant argues that no award should have been made in this case because there is no evidence of unusual strain or exertion immediately preceding decedent's death. However, decedent could have been subjected to unusual strain even if engaged in his customary duties. In *Matter of Borra* v. *Siwanoy Country Club* (280 App. Div. 906, motion for leave to appeal denied 304 N. Y. 985) we held, "Whether claimant was subjected to unusual strain is an issue of

fact. The mere fact that he was performing his customary duties does not necessarily exclude the finding that on the occasion in question he was subjected to unusual strain." Decedent's work activities, superimposed upon his heart condition, support the board's finding that decedent's death was caused by unusual exertion and arose out of and in the course of his employment. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.