Dye, J.
(dissenting). I dissent and vote to affirm on the ground that the determination of causally related death was supported by substantial evidence. First, let me point out that the decedent, then 44 years of age, with no prior warning or history of an existing heart condition, dropped dead on the job as he lifted a nail keg weighing about 50 pounds from the ground to the high tailboard of his employer’s truck, a task he had never done before, although related to his employment.
What, then, caused this fatal consequence? Was it due to accident induced by overexertion incident to lifting the heavy keg — a recognized basis for a finding of accident and causal connection— or was it a normal consequence of a natural bodily deterioration due to heart disease? Such inquiry presents nothing more than an issue of fact for determination by the board (Workmen’s Compensation Law, § 20), resolution of which is properly sought by resort to testimony of medical *328 witnesses (Matter of Owens v. McGovern, 309 N. Y. 449), for it is well established that “ "Whether a particular event is an industrial accident is to be determined, not by any legal definition, but by the common-sense viewpoint of the average man.” (Matter of Masse v. Robinson Co., 301 N. Y. 34, 37.)
An unusal exertion by one suffering a pre-existing condition is a commonly accepted cause of industrial accident entitling the employee — or if deceased his dependents — to benefits under the Workmen’s Compensation Law, such for instance, as the strain and stress incident to the lifting of a power drill weighing seven or eight pounds (Matter of Judson v. Ayers & Galloway Hardware Co., 279 App. Div. 700, motion for leave to appeal denied 303 N. Y. 1013); the pushing of a wheelbarrow of sand and gravel (Matter of Duca v. Nonpariel Concrete Co., 279 App. Div. 830, motion for leave to appeal denied 303 N. Y. 1012); the lifting of 80-pound coils of wire from the floor (Matter of Goodman v. Masell Mfg. Corp., 279 App. Div. 830, motion for leave to appeal denied 303 N. Y. 1013; the carrying of a sack of grass seed (Matter of Moreland v. Brown Milling Co., 279 App. Div. 1107, motion for leave to appeal denied 304 N. Y. 988); the lifting of cases of milk from a truck (Matter of Hyber v. Hegeman Farms Corp., 279 App. Div. 814, motion for leave to appeal denied 303 N. Y. 1013); the operating of a hand crank on a winch (Matter of Bealer v. Town of Amherst, 278 App. Div. 993, affd. 303 N. Y. 963); taking down a door used for display purposes (Matter of Sheehan v. Sears, Roebuck & Co., 279 App. Div. 1126, motion for leave to appeal denied 304 N. Y. 990) or where a fireman participated in a parade and exhibition drill (Matter of Cottrell v. Pleasantville Fire Dist., 279 App. Div. 1124, motion for leave to appeal denied 304 N. Y. 986).
The mere fact that the decedent may have been performing his customary duties does not necessarily require refusal of such a finding (Matter of Rowan v. Jenks Heating Co., 2 A D 2d 738; Matter of Fisher v. Buffalo Elec. Co., 2 A D 2d 612; Matter of Olmstead v. Perland Realty Corp., 1 A D 2d 709; Matter of Bahn v. S. Wolfensohn, Inc., 286 App. Div. 902; Matter of Sleator v. National City Bank, 285 App. Div. 393, affd. 309 N. Y. 708; Matter of Gioia v. Courtmel Co., 283 App. Div. 40, motion for leave to appeal denied 306 N. Y. 985; Matter of Moberg v. 335 Lefferts Ave. Corp., 280 App. Div. *329 906, affd. 305 N. Y. 786; Matter of Borra v. Siwanoy Country Club, 280 App. Div. 906, motion for leave to appeal denied 304 N. Y. 985; Matter of Krupinski v. U. S. Radiator Corp., 279 App. Div. 1107, affd. 305 N. Y. 732; Matter of Mehl v. Graziano Sons, 280 App. Div. 905), as it has been held that, when the nature of the work in which decedent was engaged before death was not intrinsically different, it became unusual and involved extra stress when he continued to work in a state of ill health (Matter of Kehoe v. London Guar. & Acc. Co., 278 App. Div. 731, affd. 303 N. Y. 973), which principle is equally available when the employee is ignorant of his condition (Matter of Krupinski v. U. S. Radiator Corp., supra; Matter of Borra v. Siwanoy Country Club, supra; Matter of Moberg v. 335 Lefferts Ave. Corp., supra), for it is recognized that such fatal heart failure may be accidental if the employee, by miscalculation of his own strength, inadvertently hastens his death by exertion that caused the final breakdown (1 Larson on Workmen’s Compensation Law, § 38.83, p. 565).
Here, after the decedent had toppled over dead while lifting a heavy keg as above described, an autopsy was performed by Dr. Lukash, a specialist in internal medicine, who stated in his report, which was in no way changed, modified or rescinded when he took the stand, that cause of death was ‘ ‘ Heart: Chronic rheumatic heart disease, .inactive, active ’ ’ and that, in his opinion, ‘ ‘ the work that this decedent was doing on the day of his death and the day previous thereto was a competent producing cause of his death.” He later testified: “ It is reasonable to assume that the state of the man’s heart disease, that any stress or strain, stress or strain of the type of work that this man was doing was a competent producing cause of this man’s death. # * * It was a factor for the cause of his death ” or, as he said on cross-examination, “ Any man with that type of heart disease, with the diminished coronary circulation, the stress and strain will be adequate to produce a sudden death in the individual.”
The employer and his carrier sought to cancel out the effect of this affirmative testimony by calling Dr. Sigler who gave as his opinion, based upon information he had gleaned from the contents of the folder of the Hartford Accident and Indemnity Company kept by it as carrier and the facts as related in the hypothetical question: ‘ ‘ there is no causal relation *330 ship Such testimony was not conclusive on the board and served for no greater purpose than to raise a conflict which the board could and did resolve by crediting the testimony of Dr. Lukash that the lifting of a heavy keg placed such a strain and stress on the pre-existing heart condition as to account for the sudden death. True, the pre-existing condition revealed by the autopsy was so serious that death might have occurred ‘ ‘ in bed ’ ’ but the fact of the matter is, the death actually occurred at the moment the heavy keg was being lifted to the tailboard of the truck, a factor which could not reasonably be disassociated from the pre-existing heart condition. It is a truism to say that an extra exertion which is of no consequence to one individual may well be fatal to another. As we have said above, the issue of causally related death was one of fact. Accordingly, the determination of the board, notwithstanding the conflict in the evidence, was final and conclusive. We cannot say, as matter of law, that under the circumstances of this case, the board’s finding was not supported by substantial evidence.
The order appealed from should be affirmed, with costs to the Workmen’s Compensation Board.
Desmond, Fuld and Burke, JJ., concur with Van Voorhis, J.; Dye, J., dissents in an opinion in which Conway, Ch. J., and Froessel, J., concur.
Order of Appellate Division reversed, the award of the Workmen’s Compensation Board annulled and the claim dismissed.