In the Matter of the Claim of WILLIAM G. SCZESNIAK, Respondent, v. GEORGE WHITNEY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 6, 1961.

*Edward Halstead Weeks* for appellants.

*Walter Forster* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General (Harry Rackow* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

GIBSON, J. An employer and his insurance carrier appeal from a decision and award of the Workmen's Compensation Board for disability resulting from coronary insufficiency and myocardial infarction found due to the effect of strenuous work activities upon claimant's pre-existing arteriosclerotic heart disease.

Claimant, aged 74, a gardener and handyman employed upon a country estate, after shoveling coal into a heater, made four trips from the basement up an L-shaped staircase carrying upon his shoulder hardwood logs, over four feet long and weighing up to 70 pounds each, to fireplaces on the first or second floor. Then, after rolling up the living room rug, he carried upon his shoulder, for a distance of approximately 80 feet, a waxing machine weighing from 40 to 50 pounds; applied wax to the floor and, while bending over to plug the waxer cord into an electric outlet, fell as he experienced pain in his left side; and then, after briefly resting, again tried to attach the cord and fell, unconscious.

Claimant's attending physician, who treated him from the time of the attack, found acute myocardial infarction which he related to the work activities on the day in question. His opinion was in part predicated upon hospital records, including repeated X rays and electrocardiograms recorded at different times. Appellants stress greatly the doctor's affirmative response to the question on cross-examination whether the infarction "could have been due to a culmination of the underlying insidiously progressive arteriosclerotic condition in and of itself"; but his expert opinion remained to the contrary and was expounded with careful and detailed explanation of the factors upon which it was predicated. Carrier's expert and two impartial specialists categorically denied causal relation but were otherwise in disagreement, one finding pneumonitis, possible pleurisy and pre-existing heart disease but denying any myocardial infarction; another finding such infarction but no evidence of

pneumonitis or pulmonary infarction; and the third simply reporting " coronary heart disease with an acute episode " and denying any pulmonary pathology. The evidence of causal relation was substantial and the board was warranted in accepting it.

Appellants, in denying unusual or excessive strain, would apply an erroneous test, asserting that the strain must be " unusual compared to that which is normally present in the claimant's workaday tasks ". Under *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506, 510), upon which appellants mistakenly rely, the " phrase ' unusual or excessive strain ' * * * is not so limited " and " so long as the conditions of performing the work are such that an exceptional strain is imposed on the worker so great that his heart is affected and damaged thereby, the requirement of unusual or excessive strain is satisfied "; and in this connection the opinion cites, *inter alia,* *Matter of Borra* v. *Siwanoy Country Club* (280 App. Div. 906, motion for leave to appeal denied 304 N. Y. 985) in which it was said, " Whether claimant was subjected to unusual strain is an issue of fact. The mere fact that he was performing his customary duties does not necessarily exclude the finding that on the occasion in question he was subjected to unusual strain."

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.