■　　　In the Matter of the Claim of ALICE VICKERS, Respondent, v. BRYANT PARK BUILDING, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision awarding death benefits, upon the finding that decedent's fatal cerebral hemorrhage was caused by the exertion of pushing a floor-washing machine upon an elevator, appellants contesting the award upon the ground that the testimony of the coemployee White as to the incident " is incredible on its face." Decedent and White, employed as night porters, after sweeping with long-handled brushes the 15th to 11th floors of the employer's building, mopped the 15th and 14th floors with the machine, decedent completing that work on the 14th floor as the witness hand-mopped along the walls. There was evidence that the machine, when filled with water, as it then was, weighed about one ton. When not powered, it was too heavy for one man to push upon the three wheels with which it was equipped, but in operation moved freely upon its rotary brushes and the operator was required only to guide it. Mr. White testified that he saw a flash in the wall plate of the electric outlet, at which the noise made by the machine in operation ceased; that he turned and observed

decedent at the elevator attempting to push the machine upon it; and that decedent then slumped forward over the machine, which was then half in and half out of the elevator. Upon going to decedent, the witness found him in collapse. He was shortly hospitalized and died some hours later. The employer reported that "when accident occurred" decedent was "moving scrubbing machine" and "fell to floor"; and the board was, under the circumstances, entitled to give probative effect to this report. (*Matter of Kleid* v. *Carr Bros.*, 300 N. Y. 270; *Matter of Webster* v. *Mason*, 13 A D 2d 355, 358.) The credibility of the witness White was for the board (*Matter of Daus* v. *Gunderman & Sons*, 283 N. Y. 459; *Matter of Manolakis* v. *Edison S. S. Corp.*, 15 A D 2d 845 and cases there cited) and we find no basis for appellants' contention that his testimony was "incredible on its face". Indeed, appellants' argument, rather than attempting to demonstrate inherent incredibility, is predicated largely on the evidence adduced from the employer's manager in contradiction of Mr. White. Certainly, the board was not bound to accept the manager's testimony that the machine could not be pushed into the elevator while connected to the electric outlet or to give any particular effect to his later statement that this was not "practical"; but this evidence, if correct, might in some degree substantiate, rather than contradict, the theory of physical effort exerted in pushing the machine, without power, halfway into the elevator. The board was not required to give conclusive, or any, effect to the testimony of the manager and the night watchman that no difficulty with the electric outlet was reported. There was substantial medical evidence of causation; and awards in similar factual situations have been sustained. (*Matter of Moberg* v. *335 Lefferts Ave. Corp.*, 280 App. Div. 906, affd. 305 N. Y. 786; *Matter of Bohm* v. *L. R. S. & B. Realty Co.*, 264 App. Div. 962, affd. 289 N. Y. 808; *Matter of Webb* v. *Twelve Pine St.*, 12 A D 2d 555; *Matter of Broderick* v. *Liebmann Breweries*, 277 App. Div. 422.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.