In the Matter of the Claim of NATHAN CHAVKIN, Respondent, v. JACK ROTTER, Doing Business as ROTTER BROS., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 27, 1963.

*William P. Hastorf* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Finn & Rebecchi* for claimant-respondent.

TAYLOR, J. At about 2:00 P.M. on December 7, 1961 claimant, a clerk in the employer's retail cigar and stationery store and as such accountable for its daily receipts, detected "a fellow * * * sticking his hand behind the register". An immediate examination of its open drawer disclosed that $40 were missing therefrom. Claimant accused a nearby customer of the theft of the money. A verbal altercation marked by heated accusations, denials and a threat of suit then ensued; a physical encounter followed in the course of which claimant and the

employer forced the suspect into a telephone booth where the former confined him while the latter conducted a search of his person which failed to turn up the missing cash. The bills " all crumpled up " were later found behind a box in the rear of the cash register. Having retrieved them the employer released the accused — a decision which was met by vehement and excited protests on the part of the claimant. Their dispute concerning the advisability of the releasement in lieu of calling the police continued throughout the remainder of the afternoon; upon arrival at his home at the close of the workday claimant was still upset by the incident; he eschewed his evening meal and during the night experienced pain in his shoulder and back. On the following morning the argument with the employer was renewed; pain in the same areas returned and continued throughout that day; a second restless night resulted. During the next day which was Saturday he relaxed at home; on Sunday the pain became so acute that a doctor was called to attend him; an electrocardiogram performed on Monday, December 11, disclosed a coronary occlusion with anterior wall myocardial infarction for the treatment of which claimant was thereafter hospitalized for a period of about four weeks and as a result of which he was totally disabled until March 22, 1962.

The board in reversing the Referee found " that based upon the evidence, the exertion involved in the physical scuffle on December 7, 1961, plus the excitement attendant thereto, including the argument which ensued, were more than ordinary wear, tear, and irritation; and of sufficient stress to cause severe palpitations of the heart, aggravate claimant's underlying atherosclerosis and precipitate coronary occlusion and that therefore accident and causal relation are established."

In our view the board might reasonably find upon evidence which we regard as substantial that claimant was subjected to physical and emotional stresses in the course of his work greater than those involved in the ordinary wear and tear of life and transcending " the countless differences and irritations " (cf. *Matter of Santacroce* v. *40 W. 20th St.*, 9 A D 2d 985, affd. 10 N Y 2d 855) which attend employment generally. The requirement of excessive strain was thus satified and the board's finding of accidental injury within the purview of the Workmen's Compensation Law justified. (*Matter of Schechter* v. *State Ins. Fund,* 6 N Y 2d 506; *Matter of Klimas* v. *Trans Caribbean Airways,* 10 N Y 2d 209; *Matter of Eckhaus* v. *Adeck Stores,* 11 N Y 2d 862; *Matter of Krawczyk* v. *Jefferson Hotel,* 278 App. Div. 731.)

Although it is true that claimant had a pre-existing condition which induced the carrier's medical expert to deny causal relationship, the opinion evidence adduced from claimant's attending physician and accepted by the board cannot upon this record be said to be lacking in substantiality. (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529; *Matter of Ernest* v. *Boggs Lake Estates,* 12 N Y 2d 414.)

The decision and award appealed from should be affirmed, with costs.

BERGAN, P. J., GIBSON, HERLIHY and REYNOLDS, JJ., concur. Decision and award affirmed, with costs to the Workmen's Compensation Board.