Gibson, P. J.
Appeal by an employer and its insurance carrier from a decision of the Workmen’s Compensation Board which awarded compensation benefits for disability due to an acute myocardial infarction found by the board to have been incurred in the course of claimant’s employment as a route man, whose duties were installing and servicing vending machines. The accidental injuries found occurred when claimant helped to push and poll *855 two pool table type vending machines weighing about 500 pounds each for a distance of 10 feet to the end of a truck, then to lift or ease them downward to an unloading platform, and finally to move them some 10 feet along the platform. Appellants deny both accident and causal relationship. Claimant testified that in the course of moving the machines he felt a little strain on his left arm and about 10 minutes later, while operating his truck, felt heaviness in his chest and increasing pain, following which he stopped and was shortly removed by ambulance to a hospital where he was found to be acutely ill and was treated for 28 days and then discharged with a diagnosis of myocardial infarction. The board was warranted in finding, “ on the basis of the credible evidence ”, that the work efforts described by claimant “were strenuous and arduous and * * * constituted undue strain causing the claimant to sustain a coronary injury resulting in the myocardial infarction, and therefore, constituted an accidental injury within the meaning of the law [and that the] resulting disability is causally related to such accidental injury.” Appellants in their brief concede that “ For the ordinary man the moving of two 500-pound vending machines would undoubtedly be unusually hard work requiring greater exertion .than the ordinary wear and tear of life” (citing Mutter of Burris v. Lewis, 2 N Y 2d 323, 326); but they mistakenly urge as defeating the claim the contention that to an individual engaged for many years in such activities “this type of work would not be arduous and strenuous.” The legal test is not thus restricted, and “ The mere fact that [claimant] was performing his customary duties does not necessarily exclude the finding that on .the occasion in question he was subjected to unusual strain.” (Matter of Borra v. Siwanoy Country Club, 280 App. Div. 906, 907, mot. for lv. to app. den. 304 N. Y. 985.) It is “now well settled that the performance of one’s customary duties does not preclude the finding that such activities themselves are sufficiently arduous to entail ‘ greater exertion than the ordinary wear and tear of life ’ ”. (Matter of Pickhardt v. C. H. Heist Ohio Corp., 20 A D 2d 737, mot. for lv. to app. den. 14 N Y 2d 484.) Appellants do not dispute the diagnosis of an acute myocardial infarction but attack as insubstantial the testimony of claimant’s attending physician relating it to the work effort. We find, on the contrary, that his conclusion was adequately and specifically expressed and constituted substantial evidence, under the familiar authorities (see, e.g., Matter of Ernest v. Boggs Lake Estates, 12 N Y 2d 414). Decision affirmed, with costs to the Workmen’s Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Gibson, P. J.