claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there is no evidence in support of the finding that claimant suffered a permanent total loss of vision of one eye. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. THEODORE COLE, Respondent, v. EBSARY GYPSUM COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. JACOB COOK and Another, Appellants, v. INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.— Decision unanimously affirmed, without costs.

Before STATE INDUSTRIAL BOARD, Respondent. ANNA DAHNKEN, Respondent, v. JACOB KOHLMANN and Another, Appellants.— Award reversed and claim remitted, with costs against the State Industrial Board to abide the event, on the ground that there was no legal proof of dependency, or that the decedent contributed to his mother's support for a period of one year before his injury and death. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. JOHN DE LEVA, Respondent, v. RAIL JOINT COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

Before STATE INDUSTRIAL BOARD, Respondent. ELIZABETH DONOVAN, Respondent, v. RAVENSWOOD PAPER MILL COMPANY, Appellant, and Another.— Motion denied, without costs.

Before STATE INDUSTRIAL BOARD, Respondent. FRANK DUDENHAUSEN, Respondent, v. A. R. NEWCOMBE OIL CORPORATION and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

FARMERS MUTUAL FIRE INSURANCE COMPANY OF FORT EDWARD and Another, Respondents, v. GUSTINO D'ANGELO, Appellant.— Judgment and order unanimously affirmed, with costs.

BURTON W. FARNHAM, Respondent, v. GRAND CENTRAL PACKARD RENTING CORPORATION, Appellant.— Motion granted, unless case is argued or submitted at this term, in which event motion is denied.

PAULINE FELDMAN, Respondent, v. SAMUEL THOMAS, Appellant.— Motion denied, with ten dollars costs.

EMILY FENWICK, as Administratrix, etc., of JOHN FENWICK, Deceased, Respondent, v. BENJAMIN SEIDES, Appellant, and Another.— Judgment and order unanimously affirmed, with costs.

ELSIE FINCH and Others, Appellants, v. DAVID GOLDSTEIN, Respondent.— Judgment reversed on the law and facts, and the counterclaim dismissed, with costs. Judgment is rendered and to be entered by the clerk in favor of the plaintiffs, as demanded in the complaint, for foreclosure and sale of the mortgaged premises. All concur. The court finds the facts as requested by plaintiffs at the Trial Term. The court disapproves of the findings signed by the court, on which it directed that judgment be entered, as follows: Nos. 2 to 11, both inclusive, and Nos. 16 and 21; all of that part of No. 15 beginning with the words " And that said deed was not executed by said Howard Finch " to the end of such finding; all that part of No. 17 beginning with " I further find that said claimed execution by Howard Finch of the said deed was in violation of law " to the end of the finding; No. 18, the words " And I find that there was no consideration for the said mortgage;" No. 20, the last sentence; that part of No. 22 as follows,