In the Matter of the Claim of MABEL C. FULLER, Appellant, against THE TITLE GUARANTEE AND TRUST COMPANY and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 29, 1928.

**Workmen's compensation — injury arising out of and in course of employment — decedent was engaged as title examiner — on very hot day in summer he left his desk and went to roof of building for air and relaxation — while there he fell from roof and was killed — accident presumed under Workmen's Compensation Law, § 21 — decedent was in course of his employment at time of accident.**

The decedent, a lawyer, was employed as a title reader and worked in a small room in which there were many other persons. During a very hot spell in the summer he left his desk and went to the roof of the building presumably for relaxation and air and while there fell to the pavement below and was killed. No one witnessed the accident. It was the practice on the part of the employees, known to the employer, for the employees to go to the roof on very hot days for the purpose of seeking relief from the heat and humidity. The decedent did not leave the employment when he went to the roof and, therefore, he was in the course of his employment at the time.

There being no proof that the decedent willfully jumped from the roof, the presumption is, under section 21 of the Workmen's Compensation Law, that his death was an accident.

APPEAL by the claimant from a decision of the State Industrial Board, made on the 6th day of June, 1927, disallowing her claim for death benefits arising out of the death of her husband.

*Earl J. Helmick*, for the appellant.

*Harry E. Wareham*, for the respondents.

Attorney-General filed no brief for the State Industrial Board.

HINMAN, J.   The State Industrial Board has found that on July 20, 1926, while the deceased employee was engaged in the regular course of his employment at his employer's place of business in the city of New York, " and during the course of the afternoon of said day, after having spent two hours at his desk in said building, he went to the roof of said building for the purpose of obtaining air and relaxation, the heat on said 20th day of July, 1926, being excessive and oppressive, and shortly after going to the roof, he fell from said roof to the street pavement below, a distance of four stories," death resulting at once.   The Board further found, however, that his injuries resulting in his death " did not arise out of and in the course of his employment," and denied an award, from which decision the claimant appeals.   In the notice of decision the Industrial Commissioner states: " Disallowed; accident did not arise in the course of employment and no *prima facie* case made out." As we understand the decision, the finding was that there was no *prima facie* proof that the deceased remained in the course of his employment after he left his desk to go to the roof.   There is proof that it was extremely hot and humid and had been for three or four days; that he had been working in a room thirty feet long by twenty feet wide in which he and thirteen other title readers and their stenographers were at work; that he had been complaining of the heat and had been mopping the perspiration from his face and pulling his clothing to keep it from sticking to his body; that he went to the office of the assistant advisory counsel of his employer a few minutes before the accident, whom he found in conference and who told' deceased he would see him in a few minutes; that the work of deceased was so strenuous and was carried on in such close confinement that seeking temporary relief from the excessive heat and humidity by going to the roof or some other part of the building might be considered a mere incident of the employment, especially since it was proven that it had been the practice and custom for years for these employees to do so.   In view of these facts and on the authority of *Matter of Norris* v. *N. Y. C. R. R. Co.* (246 N. Y. 307) we think it may be presumed that the deceased continued in the course of his employment.   A temporary cessation of work was justified by the nature of his employment and by custom. It may even have been his purpose to think out some problem connected with his work while he was on the roof.   His fall was unwitnessed.   There was no proof that it was occasioned by his

willful intention to bring about his injury and death and the presumption of the law is to the contrary. (Workmen's Compensation Law, § 21.) His body was found within three feet of the wall of the building and lying parallel with the wall and the finding of the Board is that he "fell." Under these circumstances the Industrial Board seems to have misconceived the law applicable to this case in deciding that the accident did not arise in the course of the employment, and we think that the decision should be reversed and the matter remitted on the authority of *Matter of Norris* v. *N. Y. C. R. R. Co.* (*supra*), since decided by the Court of Appeals.

VAN KIRK, P. J., DAVIS, WHITMYER and HILL, JJ., concur.

Decision reversed and claim remitted, with costs to the claimant against the employer and the insurance carrier to abide the event.