In the Matter of the Claim of J. M. JOHNSON, Respondent, against HARRY M. SMITH et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

(Argued October 3, 1933; decided November 21, 1933.)

*William B. Davis* and *E. C. Sherwood* for appellants. The injuries were not sustained in the course of the claimant's employment, nor did they arise out of his employment. (*Matter of McInerney* v. *B. & S. R. R. Corp.,* 225 N. Y. 130; *Manor* v. *Pennington,* 180 App. Div. 130; *Wood* v. *Jamestown Ry. Co.,* 188 App. Div. 985; *Matter of Clark* v. *Voorhees,* 231 N. Y. 14; *Carroll* v. *Verway Printing Co.,* 254 N. Y. 598; *Bylow* v. *St. Regis Paper Co.,* 179 App. Div. 555; *Donlon* v. *Kips Bay Co.,* 189 App. Div. 415; *Domres* v. *Syracuse Safe Co.,* 240 N. Y. 611; *Tannenbaum* v. *Perfect Tailoring Co.,* 243 N. Y. 577; *Crippen* v. *Press Co.,* 254 N. Y. 535; *Kass* v. *Hirschberg, Schultz & Co.,* 191 App. Div. 300; *Matter of Giliotti* v. *Hoffman Catering Co.,* 246 N. Y. 279; *Davidson* v. *Pansy Waist Co.,* 240 N. Y. 584; *Underhill* v. *Keener,* 258 N. Y. 543; *Matter of O'Neill* v. *Carley Heater Co.,* 218 N. Y. 414; *Matter of Jakeway* v. *Bauer Co.,* 218 App. Div. 302; *Minerly* v. *Kingsbury Construction Co.,* 191 App. Div. 618; *Sexton* v. *Public Service Comm.,* 180 App. Div. 111; *Matter of Saenger* v. *Locke,* 220 N. Y. 556.)

*John J. Bennett, Jr., Attorney-General (John R. O'Hanlon* of counsel), for State Industrial Board, respondent. The disability of the claimant was the result of an industrial accident which arose out of and in the course of the

claimant's employment, and an award of compensation covering the disability was proper. (*Sztorc* v. *Stansbury, Inc.*, 189 App. Div. 388; *Tannenbaum* v. *Perfect Tailoring Co.*, 215 App. Div. 741; 243 N. Y. 577; *Morris* v. *Lambeth Borough Council,* 8 W. C. C. 1.)

*Olin T. Nye* for claimant, respondent. Contracting typhoid fever under the facts presented constitutes an accidental injury arising out of and in the course of employment. (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Fitzpatrick* v. *Postal Restaurant Co.*, 208 App. Div. 822; *Matter of Katz* v. *Kadans & Co.*, 232 N. Y. 420; *Matter of McCarter* v. *LaRock,* 240 N. Y. 282; *Matter of Heitz* v. *Ruppert,* 218 N. Y. 148; *Roberts* v. *Newcomb & Co.*, 234 N. Y. 553; *Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470; *Kass* v. *Hirschberg,* 191 App. Div. 300; *Matter of Jakeway* v. *Bauer Co.*, 218 App. Div. 302; *Davidson* v. *Pansy Waist Co.*, 240 N. Y. 584.)

O'BRIEN, J. The claimant J. M. Johnson was employed by H. M. Smith of Watkins Glen, who conducts a coal yard and sells agricultural implements, farm produce and fertilizer. His duties were multifarious and included, according to his expression, "anything from clerical work down to a coal heaver." His wages were twenty-five dollars a week and a commission on the sale of coal. While working at Watkins Glen, he was allowed an hour off at noon and he paid for his lunch. When out of town on business for his employer, he used his discretion relating to the time and place for eating, but all his expenses on such journeys were borne by the employer. On one of these trips he went to Montour Falls to sell fertilizer and lunched at Beardsley's restaurant. The cook was a typhoid carrier and from the food which he there consumed he contracted the disease. The question whether an accidental injury occurred is not argued by appellant and accordingly we do not volunteer an answer.

The sole issue presented is whether claimant's disability arose out of and in the course of his employment.

Claimant was entitled to an hour for lunch. While at Watkins Glen the time usually began at noon and he was free to eat at home or anywhere he pleased. During that time he quit work and his course of employment temporarily ceased. Any disability which might have been inflicted would not have arisen out of his employment and would not have been compensable. (*Matter of Clark* v. *Voorhees*, 231 N. Y. 14, 17; *Matter of Carroll* v. *Verway Printing Co.*, 254 N. Y. 598; *Matter of Cunningham* v. *Hunterspoint Lumber & Supply Co.*, 256 N. Y. 574.) The rule may be different in cases where the employee is always on duty and subject to call (*Matter of Crippen* v. *Press Co.*, 254 N. Y. 535), or in instances where the employer requests or customarily permits him to eat upon the premises or in a place provided for him. (See *Matter of McInerney* v. *Buffalo & Susquehanna R. R. Corp.*, 225 N. Y. 130, 133.) An equally clear distinction is made when the employee is engaged not only in the personal act of eating but has entered a restaurant for the purpose of promoting the interest of his employer by interviewing prospective customers. (*Matter of Tannenbaum* v. *Perfect Tailoring Co.*, 243 N. Y. 577.)

The fact that when at Montour Falls claimant could select his time for lunch and that he would be reimbursed for his expense cannot establish any substantial difference in principle from his status at Watkins Glen. On neither occasion while eating was he engaged in his employer's business. His act at one place was as exclusively personal as at the other. For the time being he was resolved into an individual exempt from duties as an employee. He was a free man and could eat when and where he chose. During the time that he selected, his employer exerted no authority over him and derived no benefit from his acts.

The order of the Appellate Division and the award of

the State Industrial Board should be reversed and the claim dismissed, with costs in this court and in the Appellate Division against the State Industrial Board.

HUBBS, J. (dissenting). I am unable to agree with the opinion for reversal. The employer reported that claimant was injured in his regular occupation. The Board has found that his injury arose " out of and in the course of his employment." His home and usual place of employment was at Watkins Glen, but he was sometimes sent out on the road by his employer to sell goods. When away from home the employer paid his expenses, including his meals, as part of his wages. He had no regular hours for taking his meals. On the day in question he was sent with a traveling salesman of a fertilizer company to sell fertilizers to farmers. The employer testified that " he had to catch his lunch when he could." His employment was continuous from the time he left his employer's place of business. During all that time he was in his master's service engaged in his business under the protection of the Workmen's Compensation Law (Cons. Laws, ch. 67). He was in the restaurant by reason of his employment, in the course of his duty to his employer, and in furtherance of the business in which he was engaged, just as he would have been if he had been compelled to step into a public toilet and had been injured while therein. (Cf. *Matter of Dudenhausen* v. *Newcombe Oil Corp.*, 217 App. Div. 707; Special Bulletin No. 149, Department of Labor, p. 60.) Both were public places and to each of them he was compelled to go by nature. The employer knew that he would be compelled to go into a public place to eat while on the road in the course of his employment, and because he knew it, he agreed to pay for his meals as a part of his wages. He was in the restaurant solely because of his employment. If he had remained at his usual place of employment he would not have met with the injury.

It was solely because he was obeying instructions that he was compelled to go into a public place for his meal. True, the employer did not know that he would go into the particular restaurant, but he knew that he would have to eat and go into some public place where food was supplied. While the risk was "unanticipated" and "infrequent," still the claimant was subjected to that risk in fulfilling his duty to his employer and carrying out his master's business. The risk was, therefore, an incident of the employment and covered by the statute enacted to afford protection to the servant while engaged in his employer's business. There existed a direct causal connection between the service which he was performing and the risk and resulting injury.

This case is quite different from one where an employee has a regular time for his meals which are not furnished by the employer. In such a case the interval allowed for meals is the servant's own time and he pays for his own meals.

The principles decided in *Matter of Tannenbaum* v. *Perfect Tailoring Co.* (243 N. Y. 577) and *Matter of Crippen* v. *Press Co.* (254 N. Y. 535) are applicable here.

The award should be affirmed, with costs to claimant and disbursements to the State Industrial Board.

CRANE, LEHMAN and KELLOGG, JJ., concur with O'BRIEN, J.; HUBBS, J., dissents in opinion in which POUND, Ch. J., and CROUCH, J., concur.

Ordered accordingly.