In the Matter of the Claim of FRANCES BOLLARD, Respondent, against LOUIS ENGEL, JR., Appellant, Impleaded with Another.

STATE INDUSTRIAL BOARD, Respondent.

Argued October 6, 1938; decided October 18, 1938.

*James O. Moore* and *R. K. Humphrey* for appellant. The accident, causing death, did not arise " out of and in the course of " any service decedent was employed to render. (*Matter of Clark* v. *Voorhees*, 231 N. Y. 14; *Matter of Lampert* v. *Siemons*, 235 N. Y. 311; *Matter of DeVoe* v. *New York State Railways*, 218 N. Y. 318; *Matter of Davidson* v. *Pansy Waist Co.*, 240 N. Y. 584; *Matter of Priestly* v. *Hentz & Co.*, 258 N. Y. 618; *Matter of McInerney* v. *Buffalo & Susquehanna R. R. Co.*, 225 N. Y. 130; *Matter of Cunningham* v. *Hunterspoint Lumber & Supply Co.*, 256 N. Y. 574; *Matter of Carroll* v. *Verway Printing Co.*, 254 N. Y. 598; *Rosenberg* v. *Syracuse Newspapers, Inc.*, 248 App. Div. 294; *Matter of Turner* v. *Cathedral Pub. Co.*, 268 N. Y. 656; *Matter of Jakeway* v. *Bauer Co.*, 218 App. Div. 302; *Matter of Johnson* v. *Smith*, 263 N. Y. 10; *Matter of Goldman* v. *John Hancock Mut. Life Ins. Co.*, 276 N. Y. 582; *Matter of Rayfield* v. *Ford Motor Sales Co.*, 266 N. Y. 556; *Matter of Grathwohl* v. *Nassau Point Club Properties, Inc.*, 243 N. Y. 567; *Matter of Marks* v. *Gray*, 251 N. Y. 90.) The so-called admission in the first report has been explained and is contrary to the fact. (*Gangi* v. *Fradus*, 227 N. Y. 452; *Wachtel* v. *Equitable Life Assur. Society*, 266 N. Y. 345.)

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, respondent. The injuries resulting in the death of decedent arose out of and in the course of the employment. (*Matter of Younger* v. *Motor Car Transportation Co.*, 260 N. Y. 396; *Matter of Bergman* v. *Buffalo Dry Dock*, 269 N. Y. 150; *Matter of Schwimmer* v. *Kammerman & Kaminsky*, 262 N. Y. 104; *Matter of Frank* v. *Economy Sales Co.*, 274 N. Y. 515; *Matter of Mowen* v. *Chase Nat. Bank*, 277 N. Y. 135; *Matter of Domres* v. *Syracuse Safe Co.*, 240 N. Y. 611; *Matter of Commissioner of Taxation & Finance* v. *Oceanic Service Corp.*, 275 N. Y. 562; *Matter of Faulkner* v.

*Stratton-Amsterdam Corp.*, 245 N. Y. 542; *Matter of Atkins* v. *Joelson Enterprise*, 232 App. Div. 856; 258 N. Y. 538.)

*Noel S. Symons* for claimant, respondent. The evidence establishes that the risk to which the deceased was exposed was the direct result of his employment. (*Matter of Marks* v. *Gray*, 251 N. Y. 90; *Dennis* v. *White & Co.*, A. C. 479; *Matter of Schwimmer* v. *Kammerman & Kaminsky*, 262 N. Y. 104; *Matter of Domres* v. *Syracuse Safe Co.*, 240 N. Y. 611; *Matter of Harby* v. *Marwell Bros.*, 235 N. Y. 504; *Matter of Tannebaum* v. *Perfect Tailoring Co.*, 243 N. Y. 577; *Rosenthal* v. *Prudential Ins. Co.*, 242 App. Div. 741; *Treiber* v. *Charity Organization Society*, 241 App. Div. 779; *Lehrbaum* v. *United Cigar Stores Co.*, 238 App. Div. 751; *Prince* v. *Rutland-Sutt Garage Corp.*, 239 App. Div. 871.)

*Per Curiam.* We think the evidence warranted the finding that the employment was not interrupted while the deceased was returning from supper on the occasion in question. (Cf. *Matter of Johnson* v. *Smith*, 263 N. Y. 10; *Matter of Goldman* v. *John Hancock Mut. Life Ins. Co.*, 276 N. Y. 582.) The employer's first report of injury was not without probative force merely because it was not made upon personal knowledge (*Gangi* v. *Fradus*, 227 N. Y. 452, 456, 457).

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed.