In the Matter of the Claim of Ruth E. Jamison, Respondent, against New York State Temporary Commission on Agriculture et al., Appellants. Workmen's Compensation Board, Respondent.

Argued December 2, 1954; decided December 31, 1954.

*Victor Fiddler, Bernard Katzen* and *George J. Hayes* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Harry Pastor, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* This award cannot be sustained, since there is nothing to take the case out of the settled rule that an employee injured while away from his employer's premises and while going to or from lunch is not entitled to workmen's compensation except in special circumstances not shown here (*Matter of Johnson* v. *Smith,* 263 N. Y. 10, 13; *Matter of Weir* v. *Board of Educ.,* 282 N. Y. 709; *Matter of Layton* v. *Spear & Co.,* 287 N. Y. 610; 1 Larson on Workmen's Compensation Law, §§ 15.51, 15.52, 21.23). The record here, unlike that in *Matter of Manville* v. *New York State Dept. of Labor* (294 N. Y. 1), contains neither proof nor finding that the sidewalk on which claimant fell was part of the premises of her employer, the State of New York.

The order of the Appellate Division should be reversed, the award of the Workmen's Compensation Board annulled and the claim dismissed, with costs in this court and in the Appellate Division, against respondent Workmen's Compensation Board.

Lewis, Ch. J., Conway, Desmond, Dye, Fuld, Froessel and Van Voorhis, JJ., concur.

Order reversed, etc.