In the Matter of the Claim of MABEL S. CAPORALE, Respondent, against STATE DEPARTMENT OF TAXATION & FINANCE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 9, 1956.

*Victor Fiddler, Bernard Katzen* and *George J. Hayes* for appellants.

*Jacob K. Javits, Attorney-General (Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*L. Minore* for claimant-respondent.

BERGAN, J.  Claimant is a stenographer and secretary in the State Department of Taxation and Finance in New York City. She was allowed a three-quarter hour lunch period and required to punch a card in and out at her lunch period.  Her superior testified it was customary with him that she be excused to go out for a cup of coffee " from time to time "; claimant testified her superior " had always asked me to do that " when her regular lunch hour was shortened because of the work.

On December 17, 1952 claimant took a somewhat shortened lunch period on the premises, punching out when she began and in when she finished; and after she had resumed work for a while and had opportunity, went to the " nearest place " across the street to the Criminal Courts Building for a cup of coffee.  She tripped and was injured on her way back.

The record shows so closely supervised and controlled a coffee break as to bring the case within the class in which employment is deemed not to have been interrupted.

Some distinction is to be observed between off-premises injuries while an employee is going to or from or at his lunch (*Matter of Jamison* v. *New York State Temporary Comm. on Agriculture,* 308 N. Y. 683; *Matter of Johnson* v. *Smith,* 263

N. Y. 10; *Matter of Layton* v. *Spear & Co.*, 287 N. Y. 610), and cases where, with the specific approval of the employer he has a short break for a rest period (*Matter of Sullivan* v. *Motor Realty Corp.*, 272 App. Div. 986, motion for leave to appeal denied 297 N. Y. 1041) or for a relief period (*Matter of Rucker* v. *Nassau-Beekman Realty Corp.*, 272 App. Div. 982); or allowed to "go for coffee" (*Matter of Karl* v. *Fair Shoe Repair*, 269 App. Div. 800).

The second group of cases in principle falls within range of those in which temporary cessations of work are so closely related to what has gone on before that the employment is deemed to be uninterrupted in unbroken continuity.

The decision here in 1928 in *Matter of Fuller* v. *Title Guar. & Trust Co.* (223 App. Div. 173) where the employee went to the roof of the building where he worked to get air and fell off is in this direction. The question basically is whether the employment was "not interrupted" (*Matter of Bollard* v. *Engel,* 278 N. Y. 463, 466) and on that question the fact that an employee is an inside or outside worker is not always conclusive.

The employment of an inside worker given express permission of the employer to take a short "coffee break" may be quite as uninterrupted as the employment of a salesman who, as in *Matter of Bollard,* was crossing the street to his place of employment after getting his supper. The basic theory of decisions denying compensation mealtime injuries is that the employer then exerts no authority over the employee (*Matter of Johnson* v. *Smith, supra*). There is some logical distinction in control and closeness to employment, we think, between the circumstances under which an employee ventures forth on his own for lunch and those under which he takes a short break, under close control, for rest or coffee.

Here it could be found that authority of the employer continued during this approved coffee break, short in duration, and short in distance from the claimant's desk, and that the employment itself was "not interrupted" at the time of accident.

The award should be affirmed, with costs to the Workmen's Compensation Board.

Foster, P. J., Coon and Gibson, JJ., concur; Halpern, J., dissents and votes to reverse upon the authority of *Matter of Jamison* v. *New York State Temporary Comm. on Agriculture* (308 N. Y. 683).

Award affirmed, with costs to the Workmen's Compensation **Board.**