■ In the Matter of the Claim of ARTHUR J. PURCELL, JR., as Executor of ARTHUR J. PURCELL, Deceased, Respondent, v. HEARN'S DEPT. STORE et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Decedent, employed as a buyer in a department store, was fatally injured when struck by a hit-and-run automobile while returning to the store from his evening meal at a nearby restaurant. Appellants contest the finding that the accident arose out of and in the course of the employment. There is a paucity of evidence as to decedent's duties and activities outside the store, generally and at the time of the accident, and since we find no evidence sufficiently substantial to bring the case within any of the exceptions to the general rule as to the noncompensability of injuries sustained by an employee (or at least an inside employee, if decedent was such) while away from the place of employment during a regular lunch or dinner period,

we are compelled to remit for further development of the record. The pertinent testimony was that of the employer's "executive head" who said that decedent "was a buyer of linens, domestic curtains and drapes, piece goods, variety department"; that he "purchased goods, managed the department, planned promotions and the general job of a buyer in a department store ＊ ＊ ＊ went out to the market, and he would buy, and things like that." The witness said, further, that there is "no set time that a buyer goes out." Asked if decedent went outside quite frequently, the witness said, "Oh, yes. I would say once a week anyway"; and in response to another inquiry stated, "I could say probably in a buyer's job, that he would have lunch with people." On one day in alternate weeks, decedent was required to work until 9:30 P.M. and it was on his regular evening to work, at about 6:45 P.M., that the accident occurred. As to decedent's work on such evenings, the testimony was: "His job at night — usually a buyer catches up on work that they are not in the daytime able to do, and we do need executive coverage throughout the store." He was permitted an hour for dinner which he could take when he chose. On the evening in question, his supervisor chanced to meet him on the street, just outside the store, shortly after 6:00 P.M., and asked him "'How is business today?' and 'What's your rush?'", to which decedent replied that he was going to eat his dinner. The evidence suggests — if it indicates anything at all — that decedent's regular evening work was that of an inside worker. In cases such as this, however, classification is not particularly helpful. "The question basically is whether the employment was 'not interrupted'" (Matter of Bollard v. Engel, 278 N. Y. 463, 466) and on that question the fact that an employee is an inside or outside worker is not always conclusive." (Matter of Caporale v. State Dept. of Taxation & Finance, 2 A D 2d 91, 92, affd. 2 N Y 2d 946.) In any event, there is no evidence that after 6:00 P.M. there existed opportunity for performing any of a buyer's outside work or that decedent could or did perform such work in the evening. Neither do we find evidence which would warrant application of any of the other recognized exceptions to the general rule respecting off-premises injuries. The respondent board relies largely on Matter of Bollard v. Engel (254 App. Div. 162, affd. 278 N. Y. 463), the scope of which has, however, been restricted by subsequent decisions. (See, e.g., Matter of Layton v. Spear & Co., 261 App. Div. 856, affd. 287 N. Y. 610; 1 Larson, Workmen's Compensation Law, § 15.53, pp. 218–219.) Decision and award reversed and case remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.