In the Matter of the Claim of JAMES CARROLL, Respondent, v. FRANK PROVENZANO, Doing Business as CHIC's RENDEZVOUS, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 6, 1965.

Miller, Ouimette & Moran (*Wilfred T. Ouimette* of counsel), for appellants.

*William J. Ryan* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

TAYLOR, J. An employer and his insurance carrier appeal from a decision and award of the Workmen's Compensation Board contending that it " erred as a matter of law in finding that the accident arose out of and in the course of employment ".

Claimant, employed as a bartender, ordinarily worked a six-day week which excluded Sunday. His remuneration included a daily meal provided by the employer and eaten by claimant on the premises. On Saturday, February 17, 1962 the employer, shorthanded because of the absence on vacation of a bartender who customarily worked the Sunday shift, requested claimant to take over the duties of the former from 4:00 P.M. on the following day to closing time early on Monday morning. Claimant readily assented to the wish of the employer and reported for duty on February 18 at the appointed time. At about 6:00 P.M. on that day appellant employer motivated, he testified, by gratitude for the " favor " which " he was doing me * * * [by] working on Sunday " told claimant to " Go ahead home for lunch, and if I get busy, I'll call you." Claimant's testimony was substantially in the same vein. In returning to the employment from his nearby home at the conclusion of the lunch hour as he was expected to do, claimant slipped and fell on a public sidewalk sustaining the injuries for which he has been awarded compensation benefits.

Appellants maintain that this is the conventional case of an inside worker injured on a public sidewalk away from the premises of fixed employment while returning from lunch to which the settled rule denying compensability has application. (See, e.g., *Matter of Johnson* v. *Smith*, 263 N. Y. 10; *Matter of Layton* v. *Spear & Co.*, 287 N. Y. 610; *Matter of Jamison* v. *New*

*York Temporary State Comm. on Agric.,* 308 N. Y. 683.) We think that the proof, not disputed, demonstrates the existence of special circumstances which take the claim out of the rule. Here, the lunch period expressly directed by the employer was co-ordinated with the operation of the enterprise in which he was engaged by subjecting the claimant to continuous recall in the event that his services were in the meantime required. Control thus exercised over the employee by the employer, in part at least for the latter's advantage, warranted the conclusion that the employment was not interrupted at the time of the accident and provided substantial justification for the board's finding that claimant's injury arose out of and in the course of his employment. (*Matter of Ross* v. *Sunrise Food Exch.,* 273 App. Div. 833; *Matter of Duffy* v. *Levine,* 275 App. Div. 735, mot. for rearg. and mot. for lv. to app. den. 275 App. Div. 867, mot. for lv. to app. den. 299 N. Y. 798; *Matter of Caporale* v. *State Dept. of Taxation & Finance,* 2 A D 2d 91, affd. 2 N Y 2d 946; *Matter of Grosack* v. *Hermann & Jacobs Corp.,* 8 A D 2d 572; *Matter of Younger* v. *Motor Cab Transp. Co.,* 260 N. Y. 396, 398.)

The decision should be affirmed, with costs to the Workmen's Compensation Board.

GIBSON, P. J., HERLIHY, REYNOLDS and HAMM, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.