■ In the Matter of the Claim of JEANETTE P. BALSAM, Respondent, v. NEW YORK STATE DIVISION OF EMPLOYMENT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — TAYLOR, J. An employer and its carrier appeal from a decision of the Workmen's Compensation Board finding that the

accident which befell claimant on December 11, 1963 arose out of and in the course of her employment. The facts are undisputed. The employer had authorized a 15-minute midmorning rest period during which employees were permitted to leave its premises for the purpose of going to a neighborhood shop for coffee. On the day of injury claimant, a stenographer, departed from the premises during the coffee break but went directly to a nearby bank for the purpose of cashing a personal check. A fall on its highly polished floor resulted in an injury found to be compensable. Claimant testified to an intention of getting coffee upon the completion of the banking errand. We think that the coffee break rule which rests essentially on the theory of constructive control of the employee by the employer during the off-premises activity (*Matter of Caporale* v. *State Dept. of Taxation & Finance,* 2 A D 2d 91, affd. 2 N Y 2d 946) should not be extended to a case where, as here, the employee when injured had deviated from a prescribed sphere of recreational endeavor to embark upon a purely personal mission. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.