Nancy J. ROACHE, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Irrigation Industries, Inc., and State Compensation Insurance Fund, Respondents.

No. 85CA1224.

Colorado Court of Appeals,
Div. I.

May 8, 1986.

Rehearing Denied June 12, 1986.

Steven U. Mullens, P.C., James A. May, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

Kathleen W. Robinson, Denver, for respondents State Compensation Ins. Fund and Irrigation Industries, Inc.

STERNBERG, Judge.

Claimant, Nancy Roache, seeks review of an order of the Industrial Commission denying her workmen's compensation benefits for employment related injuries. On October 22, 1981, claimant left her workplace during a paid fifteen minute break and went to a convenience store located approximately one block away to purchase a beverage and something to eat. While she was in the store an explosion occurred and claimant was injured. The sole issue in this review is whether the off-premises injury sustained by claimant arose out of and in the course of her employment. See § 8–52–102, C.R.S. (1985 Cum.Supp.). We conclude that it did and therefore set the order aside.

Employment compensation cases involving injuries which occur off-premises during a rest or sustenance break normally raise the issues whether the employer retained control during the break period and whether the activity giving rise to the injury constituted a deviation from employ-

ment so substantial as to remove it from the employment relationship. *See* 1 A. Larson, *Workmen's Compensation Law* § 15.-54 (1985); *Caparolle v. Department of Taxation & Finance*, 153 N.Y.S.2d 738, 2 A.D.2d 91 (1956), *aff'd*, 2 N.Y.2d 946, 142 N.E.2d 213, 162 N.Y.S.2d 40 (1957).

Determination of these issues rests upon inquiry into such matters as: whether the break period is of a duration so short as to support the inference that employment activities were virtually uninterrupted; whether it is provided for by the employment contract; whether it is a paid interval; whether the employer permits off-premises breaks; whether the off-premises location is in close proximity to the employment site; and whether there are limitations on where employees may go during break. *See* 1 A. Larson, *Workmen's Compensation Law, supra; Jordan v. Western Electric Co.*, 1 Or.App. 441, 463 P.2d 598 (1970); *Sweet v. Kolosky*, 259 Minn. 253, 106 N.W.2d 908 (1960); *Caparolle v. Department of Taxation & Finance, supra.*

Here, the Industrial Commission determined that claimant's injuries did not arise out of and in the course of her employment because claimant's employer derived no benefit from her visit to the convenience store and because there were no special circumstances which reflected a causal connection between claimant's employment and her injuries. However, the record reveals that, because there were no vending machines or cafeteria facilities on the employment premises, employees were expressly permitted to go to the convenience store to purchase food or drink. The break period was of short duration and it was a paid interval. The store was located not far from claimant's place of employment. And, the visit was for the basic purpose of rest and refreshment.

Under these circumstances, we conclude that the employer retained control of claimant during the break period and that claimant's activity did not constitute a deviation from employment so substantial as to remove it from the employment relationship. Thus, the Commission erred in determining that claimant's injuries did not arise out of and in the course of her employment.

The order is set aside and the cause is remanded to the Industrial Commission for further proceedings consistent with the views expressed herein.

PIERCE and METZGER, JJ., concur.