■ In the Matter of the Claim of STEPHEN HARFORD, Respondent, v WIDENSKY'S, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from an

amended decision of the Workers' Compensation Board, filed May 19, 1988.

Claimant is the widower of decedent, Patricia Harford, who worked as a sales clerk for the employer. Decedent was employed five days a week, working an 11:00 A.M. to 5:00 P.M. shift. On January 3, 1986 at approximately 3:00 P.M., decedent was tragically killed by an automobile in front of the employer's store. The issue is whether this accident arose out of and during the course of her employment. The employer maintains that decedent was on her lunch break and thus outside of the scope of her employment (see, *Matter of Jamison v New York Temporary State Commn. on Agric.*, 308 NY 683, 684). The Workers' Compensation Board, however, found that decedent was on a special errand to get her employer a cup of coffee from a store across the street. Even accepting that decedent was also on her lunch break, the Board determined that her lunch period was premised on the employer's convenience and not an interruption of employment. This appeal ensued.

We affirm. The employer maintains that the Board improperly relied on a written statement, dated January 22, 1986 and signed by the employer's vice-president, confirming that decedent was on a coffee errand at the time of the accident. While the document was not formally received in evidence by the Workers' Compensation Law Judge, the substantive content was directly at issue before the Workers' Compensation Law Judge and the Board. Since the formal rules of evidence do not govern this administrative proceeding and the vice-president acknowledged his signature, we perceive no impropriety in the Board's reliance on the statement (see, Workers' Compensation Law § 118). The vice-president's contradictory testimony denying that decedent was on an errand simply posed a credibility matter for the Board to resolve.

We further find substantial evidence for the Board's determination that decedent's lunch arrangement did not constitute an interruption of employment (see, *Matter of Hoch v Hansen*, 111 AD2d 1066; *Matter of Relkin v National Transp. Co.*, 18 AD2d 137, 138, *lv denied* 13 NY2d 593; *Matter of Caporale v State Dept. of Taxation & Fin.*, 2 AD2d 91, 92, *affd* 2 NY2d 946). Decedent did not have a fixed lunch period. She was paid a set weekly wage without reference to her lunch schedule. The vice-president explained that employees break for lunch "as it's convenient to go". From this testimony, the Board could readily infer that decedent's lunch break was defined by the requirements of her sales position and thus

premised on the employer's convenience *(see, Matter of Smith v United States Trucking Corp.,* 66 AD2d 939; *Matter of Carroll v Provenzano,* 23 AD2d 134, 136). As such, the injury occurred during the course of employment and was properly deemed compensable.

Amended decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.