■ In the Matter of the Claim of HELEN KOUVATSOS, Appellant, v LINE MASTERS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [722 NYS2d 118] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed October 8, 1999, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied the claim for workers' compensation death benefits.

Peter Kouvatsos (hereinafter decedent) sustained fatal injuries in a fall from the four-story building where his employer rented the third floor. Decedent had taken a short break from work to go to the roof with a co-worker, who smoked a cigarette. According to the co-worker it was a very windy day, but decedent's fall was unwitnessed and the cause of the fall is unknown. The co-worker testified that it had been a common practice for employees to go to the roof to smoke, although there was a period of time when the door to the roof was locked. The employer testified that he permitted his employees to take short breaks whenever and wherever they wanted and that approximately six months prior to decedent's death, when the landlord prohibited smoking anywhere in the building, he required that his employees go outside to smoke but he was not aware that they were using the roof. He further testified that, since his office was in an adjacent one-story building, he was unaware whether the roof door was usually locked because he had never been in that area.

Following decedent's death, his mother filed a claim for workers' compensation death benefits. The Workers' Compensation Board ultimately concluded that decedent's fall did not arise out of and in the course of his employment. Claimant appeals, contending that decedent's employment was uninterrupted during the short break which was permitted by the employer.

In *Matter of Caporale v State Dept. of Taxation & Fin.* (2 AD2d 91, *affd* 2 NY2d 946), this Court concluded that a case where, with the specific approval of the employer, claimants have a short break for a rest period "falls within range of those in which temporary cessations of work are so closely related to what has gone on before that the employment is deemed to be uninterrupted in unbroken continuity" (*id.*, at 92; *see, Matter of Fuller v Title Guar. & Trust Co.*, 223 App Div 173). This "coffee break rule * * * rests essentially on the theory of constructive control of the employees by the employer during the off-premises activity" (*Matter of Balsam v New York State Div. of Empl.*, 24 AD2d 802, 803). Upon finding that the employees in this case were prohibited from taking their breaks on the roof, the Board concluded that the coffee break rule was not applicable.

The Board's finding that employees were prohibited from taking their breaks on the roof is not supported by substantial evidence. The employer testified that employees could take their breaks anywhere inside or outside the building, although they had to smoke outside the building. The employer's testimony further demonstrates that he neither expressly authorized nor expressly prohibited the use of the roof. Nevertheless, based solely upon the fact that the door to the roof had been locked for a period of time, the Board concluded that employees necessarily knew that use of the roof was prohibited by their employer. Although the locked door may have given rise to a reasonable inference that access to the roof was prohibited by someone while the door remained locked, it is not reasonable to infer that the prohibition continued after the door was unlocked prior to decedent's fall or that the employer had ever imposed the restriction. In the absence of any other evidence that access to the roof was prohibited, the Board's decision is irrational.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.