■ In the Matter of the Claim of STAVROULA KONTOGIANNIS, Appellant, v NATIONWIDE PC et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [857 NYS2d 803]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed January 24, 2007, as amended by decision filed January 29, 2007, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

While on an authorized midafternoon break, claimant left her workplace on the 13th floor of an office building in Manhattan and went outside, intending to walk around the block and return to work. Claimant fell on the public sidewalk while walking, injuring her left shoulder and right knee. Her subsequent claim for workers' compensation benefits was established by a Workers' Compensation Law Judge. The Workers' Compensation Board reversed this decision, finding that leaving the office and walking around the block constituted a significant interruption of claimant's work activities and, therefore, her injuries were not work related. Claimant now appeals.

"Accidents that occur during an employee's short breaks, such as coffee breaks, are considered to be so closely related to the performance of the job that they do not constitute an interruption of employment" (*Matter of Pabon v New York City Tr. Auth.*, 24 AD3d 833, 833 [2005] [citations omitted]; *see Matter of Kouvatsos v Line Masters*, 281 AD2d 769, 770 [2001]; *Matter of Caporale v State Dept. of Taxation & Fin.*, 2 AD2d 91, 91-92 [1956], *affd* 2 NY2d 946 [1957]). Benefit awards for injuries occurring during short breaks are sustainable on the theory that the employer retains constructive control over the injured employee during the break (*see Matter of Kouvatsos v Line Masters*, 281 AD2d at 770). They have, however, been denied when the employee deviates "from a prescribed sphere of recreational endeavor to embark upon a purely personal mission" (*Matter of Balsam v New York State Div. of Empl.*, 24 AD2d 802, 803 [1965]). Here, no evidence was presented that restrictions were placed on employees' activities during their paid morning and afternoon breaks and the record supports the fact that employees were allowed to leave the building during this time. Moreover, claimant was in close proximity to the building, only about a foot from one of the entrances, at the time of her fall. Insofar as claimant's brief departure from the building for a walk does not constitute a purely personal mission that would negate the employer's constructive control over her during the break, we

find that the Board's determination that claimant's activities constituted a significant interruption of employment is not supported by substantial evidence. Therefore, its decision must be reversed.

Peters, J.P., Carpinello, Kane and Stein, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.