1230

■ TINA STRNAD, Respondent, v PAUL J. GARVIN, Appellant. (Action No. 1.) VERIZON NEW YORK, INC., Respondent, v PAUL J. GARVIN, Appellant, et al., Defendant. (Action No. 2.) [882 NYS2d 633]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered September 5, 2008 in actions for property damage. The order denied the motion of defendant Paul J. Garvin for summary judgment in action Nos. 1 and 2.

It is hereby ordered that the order so appealed from is reversed on the law without costs, the motion is granted and the complaint in action No. 1 and the complaint in action No. 2 against defendant Paul J. Garvin are dismissed.

Memorandum: Plaintiffs commenced these actions seeking damages sustained as the result of a fire that occurred on property owned by Paul J. Garvin, the defendant in action No. 1 and a defendant in action No. 2 (defendant). The plaintiff in action No. 1 owned property in proximity to defendant's property, and the plaintiff in action No. 2 owned aerial cables adjacent to the property owned by defendant. We conclude that Supreme Court erred in denying the motion of defendant for summary judgment dismissing the complaint in action No. 1, and for summary judgment dismissing the complaint in action No. 2 against him. In support of the motion, defendant submitted an expert's affidavit and report, the statement of a tenant who had been smoking in the building prior to the fire, and a Sheriff's office memorandum. Defendant thereby met his initial burden of establishing that his acts or omissions did not cause the fire but, rather, that the tenant's careless smoking caused the fire (see Delgado v New York City Hous. Auth., 51 AD3d 570, 571 [2008], lv denied 11 NY3d 706 [2008]; see also Cataract Metal Finishing, Inc. v City of Niagara Falls, 31 AD3d 1129, 1130 [2006]). Although plaintiffs raised an issue of fact whether the smoke detectors in the building were inoperable at the time of the fire, we nevertheless conclude that summary judgment is appropriate because plaintiffs failed to raise a triable issue of fact whether the alleged absence of operable smoke detectors was a substantial factor in causing the fire to spread and thus to damage their properties (see State Farm Ins. Co. v Nichols, 34 AD3d 994, 996 [2006]).

All concur except Fahey and Green, JJ., who dissent and vote to affirm in the following memorandum.

Fahey and Green, JJ. (dissenting). We respectfully dissent and would affirm the order denying the motion of Paul J. Garvin, the defendant in action No. 1 and a defendant in action No. 2 (defendant), for summary judgment dismissing the complaint in action No. 1 and the complaint in action No. 2 against him. Although we agree with the majority that there is no dispute that defendant is not responsible for *starting* the fire, we cannot agree that his submissions in support of the motion establish as a matter of law that he is not responsible for the *spread* of the fire and the ensuing damage to the property of plaintiffs adjacent to the property owned by defendant.

Here, the Sheriff's office memorandum submitted in support of the motion establishes that the fire smoldered for at least five hours before it combusted and spread to other areas of the property owned by defendant. Defendant submitted no evidence establishing that the smoke detectors installed at his property were operational at the time of the fire. Moreover, the affidavit of defendant's expert did not state either that the smoldering fire would not have emitted enough smoke to trigger the smoke detectors installed at defendant's property, thus alerting the two residents of the apartment building of the fire, or that the alleged absence of operational smoke detectors could not have been a substantial factor in causing the fire to spread to the adjacent property of plaintiffs. Consequently, we respectfully disagree with the majority that defendant met his initial burden of establishing that he was not negligent (*cf. Delgado v New York City Hous. Auth.*, 51 AD3d 570, 571 [2008], *lv denied* 11 NY3d 706 [2008]). Moreover, we conclude that the submissions by defendant in support of the motion are insufficient to establish as a matter of law that any negligence on his part was not a proximate cause of the spread of the fire (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Indeed, we note that the affidavit of defendant's expert did not address that issue.

Even assuming, arguendo, that defendant met his initial burden on the motion, we further conclude that plaintiffs raised an issue of fact whether defendant was responsible for the spread of the fire. The police report submitted by plaintiff Verizon New York, Inc. in opposition to the motion indicates that no smoke alarm sounded at defendant's property and that two tenants of that building were present at the time of the fire. In our view, because the losses for which plaintiffs seek

recovery were the result of a fire that smoldered for several hours before detection, and because defendant's property was occupied at the time of the fire, plaintiffs raised an issue of fact whether the absence of devices sufficient to warn those tenants or passersby of the fire allowed the fire to spread from defendant's property to the adjacent property of plaintiffs.

Finally, we respectfully conclude that the majority mistakenly relies on *State Farm Ins. Co. v Nichols* (34 AD3d 994 [2006]) inasmuch as the facts of that case are distinguishable from those herein. Unlike the fire in this case, the fire at issue in *State Farm* was a fast-moving blaze that was "incendiary in origin" and was detected soon after it was started (*id.* at 996). Moreover, the spread of the fire from the building in which it originated to the interior of the adjacent building owned by the plaintiff's insured was caused by an unsecured accelerant stored next to the building owned by the plaintiff's insured rather than by the failure of any alarm in the building of origin (*id.* at 996-997). Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.