■ Robert Sulecki, Respondent, v City of New York et al., Appellants, et al., Defendants. [900 NYS2d 877]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered February 2, 2009, which denied the municipal defendants' motion to amend their answer to assert the defenses of workers' compensation and collateral estoppel, unanimously reversed, on the law, without costs, leave to amend granted and the complaint dismissed as against the City of New York and the New York City Fire Department.

Plaintiff, an engineer employed by the New York City Department of Design and Construction, was injured after tripping on a sidewalk adjoining a city-owned building while on his way to a work-related meeting. The Workers' Compensation Law provides the exclusive remedy where, as here, the employer and the landowner are essentially the same party and the plaintiff is injured while performing his job (*see Billy v Consolidated Mach.*

*Tool Corp.*, 51 NY2d 152, 158-159 [1980]; *Murray v City of New York*, 43 NY2d 400 [1977]; *Paulino v Lifecare Transp.*, 57 AD3d 319 [2008]). No exception should be made simply because plaintiff's injury did not occur at the location of the work-related meeting. Accordingly, the motion for leave to amend the answer should have been granted and the complaint dismissed as against the municipal defendants. Concur—Saxe, J.P., Friedman, Nardelli, Freedman and Abdus-Salaam, JJ.