■ JENNIFER A. PATRICKA, Respondent, v CITY OF NEW YORK et al., Defendants, and MONTEFIORE MEDICAL CENTER, Appellant. [941 NYS2d 47]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered May 12, 2011, which, insofar as appealed from, denied the motion of defendant Montefiore Medical Center for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Montefiore's motion should have been granted because plaintiff's exclusive remedy in this action is under the Workers' Compensation Law. The record shows that plaintiff, an employee of Montefiore, was injured when she tripped on a sidewalk adjacent to the emergency room, on her way back from Montefiore's human resources department to her own office,

during working hours; it is uncontested that Montefiore was charged with the duty of maintaining in a safe condition the sidewalk on which plaintiff tripped. Although plaintiff contends that she was on a "purely personal mission" at the human resources department, inquiring about Montefiore holiday party tickets, this was, at least, a dual-purpose activity not unrelated to her job (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475 [1995]). Moreover, even accepting that this was a purely personal task, the record shows that plaintiff was returning to her office, during working hours, for the purpose of resuming work, and was injured on property which her employer was responsible to maintain (*see Sulecki v City of New York*, 74 AD3d 454 [2010]). Concur—Tom, J.P., Friedman, Acosta and DeGrasse, JJ.