◼ DIANE CURLEY et al., Appellants, v MARGARET A. LAYTON et al., Respondents. [9 NYS3d 623]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (DiBella, J.), dated December 31, 2012, as granted that branch of the motion of the defendants Margaret A. Layton and Myron D. Layton which was for summary judgment dismissing the complaint insofar as asserted against Margaret A. Layton, and granted that branch of the motion of the defendant Don I. Bird which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On December 12, 2007, the plaintiff Diane Curley (hereinafter the injured plaintiff) allegedly was injured when she fell down a staircase in the home of her employer, the defendant Margaret A. Layton. Margaret had asked the injured plaintiff to go to her home and walk her dog because Margaret was in court on a personal matter and could not walk her dog herself. Nine months before the accident, Margaret had hired the defendant carpenter Don I. Bird to build the staircase on which the injured plaintiff fell, but Bird had not finished the top landing because Margaret had stopped paying him. Bird left the landing as bare plywood, which Margaret had covered with throw rugs or carpeting before the accident.

The Supreme Court properly granted that branch of the motion of Margaret A. Layton and Myron D. Layton which was for summary judgment dismissing the complaint insofar as asserted against Margaret. Margaret established her prima facie entitlement to judgment as a matter of law by showing that the injured plaintiff's walking of Margaret's dog fell within the "special errand" exception to the "going and coming" rule of the Workers' Compensation Law, thus making workers' compensation the plaintiffs' sole remedy (*see Baughman v Merchants Mut. Ins. Co.*, 87 NY2d 589 [1996]; *Matter of Neacosia v New York Power Auth.*, 85 NY2d 471 [1995]; *Matter of Deland v Hutchings Psychiatric Ctr.*, 203 AD2d 776 [1994]). The evidence established that Margaret both encouraged the errand and obtained a benefit from the injured plaintiff's performance of the errand (*see Matter of Neacosia v New York Power Auth.*, 85 NY2d at 478; *Matter of Watson v American Can Co.*, 18 NY2d 758 [1966]; *Matter of Harford v Widensky's, Inc.*, 154 AD2d 821 [1989]; *see also Patricka v City of New York*, 93 AD3d 557 [2012]). In opposition to Margaret's prima facie showing, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of Bird's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Bird established, prima facie, that he did not owe a duty to the injured plaintiff by showing that, contrary to the plaintiff's allegations, he did not "negligently create[ ] or exacerbate[ ] a dangerous condition" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]). In response, the plaintiffs failed to raise a triable issue of fact. Eng, P.J., Dillon, Chambers and Barros, JJ., concur.