# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**184**
**CA 15-01337**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

UTICA NATIONAL INSURANCE GROUP, AS SUBROGEE OF
MARIANNE ELLIS AND MARK ELLIS,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

OUR TOUCH, INC., DEFENDANT-APPELLANT,
AND ZURICH AMERICAN INSURANCE COMPANY,
DEFENDANT.

---

CARTAFALSA, SLATTERY, TURPIN & LENOFF, BUFFALO (MICHAEL J. LENOFF OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered March 6, 2015. The order, among other things, granted plaintiff's motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion and as modified the order is affirmed without costs.

Memorandum: In this insurance subrogation action, Our Touch, Inc. (defendant) appeals from an order that granted plaintiff's motion for partial summary judgment on the issue of liability and denied defendant's cross motion for summary judgment dismissing the amended complaint and for an order amending the caption to remove former defendant Zurich American Insurance Company (Zurich) therefrom. We conclude that Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability but properly denied that part of defendant's cross motion seeking summary judgment dismissing the amended complaint. Plaintiff established its entitlement to judgment as a matter of law only on the specific issue that defendant's employee was within the scope of her employment at the time she took a cigarette break (*see Matter of Kontogiannis v Nationwide PC*, 51 AD3d 1180, 1181; *Matter of Pabon v New York City Tr. Auth.*, 24 AD3d 833, 833). Plaintiff failed to establish as a matter of law, however, that any of defendant's employees were responsible for starting the fire and that their conduct fell below the standard of due care (*see Merchants Mut. Ins. Co. v Surrey Elec. Co.*, 130 AD2d 721, 722; *see generally Ugarriza v Schmieder*, 46 NY2d 471, 474).

Additionally, as we concluded on a prior appeal in this matter (*Utica Natl. Ins. Group v Our Touch, Inc.*, 109 AD3d 1182), defendant failed to establish as a matter of law that the acts or omissions of its employees did not cause the fire or did not rise to the level of negligence, and plaintiff in any event raised triable issues of fact (*see Strnad v Garvin*, 64 AD3d 1230, 1230, *affd* 13 NY3d 851; *New York Mun. Ins. Reciprocal v Casella Constr., Inc.*, 105 AD3d 1440, 1441).

Although we decline to disturb the order on appeal insofar as it denied that part of defendant's cross motion seeking to amend the caption, we note that the parties previously agreed, in a "so-ordered stipulation of discontinuance" signed by the court, to the discontinuance of plaintiff's action against Zurich. We note that future papers in the action should reflect that stipulation of discontinuance by listing only current parties to the action.

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court