Matter of Shyti v ABM (2021 NY Slip Op 01467)





Matter of Shyti v ABM


2021 NY Slip Op 01467


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

531732

[*1]In the Matter of the Claim of Prena Shyti, Respondent,
v
ABM et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: February 10, 2021

Before: Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Goldberg Segalla LLP, Syracuse (Cory A. DeCresenza of counsel), for appellants.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed January 6, 2020, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment.
Claimant, an office cleaning person, was on a work break when she slipped on the sidewalk across the street from the building where she was employed. She applied for workers' compensation benefits, alleging injuries to her head, neck, back, right hip, right shoulder and right elbow. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that the accident did not arise out of and in the course of employment. The Workers' Compensation Board affirmed, with one member dissenting. Upon mandatory review, the full Board reversed the WCLJ's decision, and the employer and its workers' compensation carrier appeal.
We affirm. "To be compensable under the Workers' Compensation Law, an accidental injury must arise both out of and in the course of a claimant's employment" (Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1276 [2020] [citations omitted]; see Worker's Compensation Law § 10 [1]; Matter of Deleon v Elghanayan, 159 AD3d 1244, 1245 [2018]). "Whether a particular activity is compensable is a factual issue for the Board to resolve, with the test being whether the activity is both reasonable and sufficiently work related under the circumstances" (Matter of Maher v NYS Div. of Budget, 72 AD3d 1380, 1381 [2010] [internal quotations marks, brackets and citations omitted]; see Matter of Marotta v Town & Country Elec., Inc., 51 AD3d 1126, 1127 [2008]). "There is no requirement that the underlying activity be done at the employer's direction or directly benefit the employer for the resulting injury to be compensable, and accidents that occur during an employee's short breaks, such as coffee breaks, are considered to be so closely related to the performance of the job that they do not constitute an interruption of employment" (Matter of Capraro v Matrix Absence Mgt., 187 AD3d 1395, 1396 [2020] [internal quotation marks, ellipsis, brackets and citations omitted]; see Matter of Marotta v Town & Country Elec., Inc., 51 AD3d at 1127; Matter of Kouvatsos v Line Masters, Inc., 281 AD2d 769, 770 [2001]). "This coffee break rule rests essentially on the theory of constructive control of the employees by the employer during the off-premises activity" (Matter of Kouvatsos v Line Masters, Inc., 281 AD2d at 770 [internal quotation marks, ellipsis and citation omitted]; accord Matter of Potter v VM Paolozzi Imports, Inc., 91 AD3d 1016, 1016 [2012]).
Claimant worked from 5:00 p.m. to 12:30 a.m. and was provided under her union contract with one paid "[15] minute relief/lunch period" per day. There were no restrictions on what claimant could do on her break and she was allowed to leave the building. On the night in question, claimant was on her 15-minute break and had crossed the street to smoke a cigarette and stop [*2]at a pizza parlor.[FN1] She had finished smoking and was walking toward the pizza parlor when she slipped and fell. Under these circumstances, the Board's finding — that claimant's brief off-premises departure from work was reasonable and sufficiently work-related so as to not constitute an interruption of her employment — is supported by substantial evidence and its determination that the accident arose out of and in the course of her employment will not be disturbed (see Matter of Potter v VM Paolozzi Imports, Inc., 91 AD3d at 1017; Matter of Kontogiannis v Nationwide PC, 51 AD3d 1180, 1181-1182 [2008]; Matter of Marotta v Town & Country Elec., Inc., 51 AD3d at 1128).
Lynch, J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant testified that she and her coworkers were not allowed to smoke in front of the building where they worked and that they had been instructed by the building supervisor to go across the street to smoke.